Chief Justice Robertson
delivered the opinion of the Court,
Hollingsworth having obtained a verdict and judgment against Green, in an action of detinue, for a gold watch—several errors are assigned by Green, as arising from instructions, and refusals to instruct the jury, on the trial.
It appears front the Bill of exceptions, that, the parties being intimate acquaintances and cordial friends, and both being in a jocund mood on a public occasion, whilst Hollingsworth was a candidate for the Legislature, Green *174 said to him, in the hearing and presence of several persons — “give me your watch, and I will vote for you, and “ do all I can to assist you in your election;” whereupon, Hollingsworth handed the watch to him, without the chain; and Green having fastened a twine string and a key to it, put it in his pocket, and they shortly after-wards separated, Green still retaining the watch; about three weeks after which, Green, being on a hunting excursion, with the watch in his pocket, said, on his return home, that he had lost it in the woods; and, having afterwards engaged others to assist in searching for it, and not finding it, he offered a reward of ten dollars for its discovery and restoration; but the witnesses never heard that it had ever been since seen; that some time after the alleged loss of it, Hollingsworth requested Green to return it, which he, of course, failing to do, this suit was brought for a wrongful detention of it.
Tho’ aside upon an illegal consideration, is void, the delivery of the property sold does not constitute a bailment. The law will help neither party, in such case.
A simple deposit, with an implied permission to use the thing thus bailed: the bailee is not liable for a loss, unless guilty of gross negligence, or of a violation of duty in failing to return it.
A mere loan: more than ordinary care is required of the borrower.
One who borrows any article, is bound to return it at the time stipulated, or, if no time is fixed, in a reasonable time; & whether it had become his duty to return it, or not, when a loss occurred, is a question of fact to be found by a jury. The court cannot say, as a matter of law, that a party who had received his friend’s watch, with an implied permission to wear and use it, was bound to return it within 3 weeks; nor that he incurred any responsibility by carrying it in his pocket upon a hunting excursion; tho’, if it were lost, thro’ neglect,he would he liable.
*174 The jury had to decide whether the foregoing facts conduced most strongly to establish a gift, a loan, a deposit, or a sale on an illegal consideration; and if there was no sale, nor gift, it was the province of the jury , to decide whether the bailment was a loan, or a mere deposit, and whether the watch had, as alleged, been lost; but it was the province of the Court to decide respecting the degree of care required by law, according to the facts.
Hollingsworth could not recover unless the jury had concluded that the watch had been bailed to Green; for it is evident that, if it was sold upon an illegal consideration, although the contract was void, the law would not help either party, standing, as they would, in equal fault. It is to just such a case that the maxim in pari delicto potior conditio defendentis, is conclusively applicable.
And whether, upon the hypothesis that there was a bailment, there should have been a recovery, depends on the following considerations:—
First. If the bailment was a simple deposit, with implied leave to carry the watch in the pocket, and if it was lost by the bailee, he is not liable unless he was guilty of gross negligence, or unless, prior to the loss he had violated his implied obligation to return it in a *175 reasonable time, and thereby rendered himself responsible for all consequences; and whether, without demand, it was his duty to have returned it within three weeks after the date of the deposit, was a question of law for the court, and not the jury, to decide.
If there was a loan, without any express agreement, and the borrower failed to return it, upon demand, or claimed the property as his own, he will be liable for any loss of it occurring without the agency of the owner.
But the evidence will hardly allow the deduction that there was a mere deposite; and if it would, it would perhaps, also shew, that it was a deposite at the instance of Green, rather than of Hollingsworth, and therefore required the observance of ordinary care at least. '
Second. If there was a simple loan, more than ordinary care was required by law. And if the watch was in fact, lost, as alleged, it was the province of the Court to decide, as to what was gross, ordinary, and slight neglect, and that of the jury, to determine whether the facts established the one, or the other, or any degree of negligence.
If the watch was loaned to Green, when it was to be returned was a fact to be ascertained by the jury from the circumstances proved; and if those circumstances conduced to establish no special time, and, from the nature of the transaction as proved, the jury could have inferred that the parties actually intended a beneficial loan, the law made it the duty of Green to return the watch in a reasonable time. But, in such a state of case, of indefinite loan for use, a court could not decide that Green was guilty of a breach of his implied obligation, in not returning the watch within three weeks, or the time that elapsed before the alleged loss of it. Nor could it be decided, as a matter of law, upon the facts proved, that there was gross or even slight neglect in carrying the watch in his pocket when he was hunting. The use of it may have been, and probably was, especially important on such an occasion; and therefore, if there was culpable negligence in thus using it, the consequence might be that he could not have used it at all, without being responsible for an accidental loss of it in consequence of using it. But there may, prima facie, have been at least slight neglect in losing the watch out of his pocket.
If the watch was loaned without any express agreement, and if Green failed, upon a demand of restitution, *176 to return it, whilst he had it, or converted it, in judgment of law, by seriously claiming it as his own, he would be liable for it, whatever may have happened to it, without the agency or assent of Hollingsworth. But there is no proof of any such demand or conversion prior to the loss of the watch. And if the parties did not intend a bailment, there was no ground for serious controversy. There is scarcely a pretext for presuming a sale,—it is much more probable that there was a gift. As the instructions given by the circuit judge were, in some respects, essentially variant from the foregoing principles, and may have been, to some extent, prejudicial to the plaintiff in error, the judgment must be reversed, and the cause remanded for a new trial, without any intimation as to whether the verdict could have beep .sustained had there beep no error in the instructions.