## Hawkins *vs* Phythian.

### ERROR TO THE FRANKLIN CIRCUIT.

*Bailment for hire.    Joinder of action.*

JUDGE BRECK delivered the opinion of the Court.

CASE.

*Case* 128.

*July* 19.

Case stated.

THIS was an action on the case, brought by Hawkins against Phythian, Watson and Bacon, for the value of a negro boy slave, alledged to have been thrown from a horse, and by reason of the injuries thereby received, to have died.

The declaration alledges that the plaintiff being the owner of a slave named George, about eleven years of age, of delicate constitution and unaccustomed to riding and the management of horses, let him to Phythian on hire.    That while thus in possession of Phythian, he permitted and suffered Watson to take the boy several miles in the country, and when about returning to Frankfort, where Phythian resided, Watson, instead of bringing the boy back in his carriage, (buggy,) as he had taken him, consented that Bacon might put him on his horse to ride back to Frankfort, and take the seat of the boy in the carriage or buggy.    That Bacon, with the consent of Watson, did put George upon his horse to ride back to Frankfort, knowing at the time, that the

HAWKINS
*vs*
PHYTHIAN.

horse was *vicious and unmanageable.* That said Phy-
thian, Watson and Bacon, not regarding their duties rel-
ative to the boy, George, took so little care and bad
care of him in putting him upon said vicious and un-
manageable horse to ride back to Frankfort, that he was
thrown by said horse and died in consequence and by
reason of the injuries thereby received.

The pleadings.

. The defendants filed the following pleadings:

A joint demurrer to the declaration by all the defend-
ants. Separate demurrers by Watson and Bacon.

A joint plea of not guilty and also separate pleas of
not guilty by each of the defendants.

To all of which the plaintiff filed joinders.

The decision and
judgment of the
Court thereon.

The Court overruled the joint demurrer but sustained
the separate demurrers of Watson and Bacon, and
thereupon, the plaintiff saying nothing further as to
them, rendered judgment for them for their costs. The
trial then progressed against Phythian, and a verdict
and judgment having been rendered for him, and a mo-
tion for a new trial overruled, the plaintiff has brought
the case to this Court.

The only error assigned is, that the Court below erred
in overruling the plaintiff's motion for a new trial.
Upon this general assignment is the question presented,
whether the Court below was right in sustaining the
several demurrers of Watson and Bacon? As the plain-
tiff, upon his motion for a new trial, expressly relied
upon the ground that the Court in that respect erred,
it is insisted that in determining whether that motion
was or not, correctly overruled, the question properly
arises in regard to the demurrers. And we are inclin-
ed to the opinion that by a liberal construction of the
statute and the rules of this Court in reference to the
assignment of errors, the position contended for may be
sustained. A question somewhat analogous, was deci-
ded in *McAlexander* vs *Wright,* (3 *Monroe,* 191.) But
whether the assignment reaches the question or not, is
in this case immaterial. The result in either case, will
be the same; as the demurrers, in our opinion, were
properly sustained.

The declaration does not show a joint liability upon all the defendants. It is no doubt true, as contended, that the plaintiff might, in this form of action, sue Watson or Bacon for an injury affecting his reversionary interest in the slave, or he might sue them jointly, if the injury resulted from an act in which they jointly participated. But we are of opinion the declaration does not show any such participation by Phythian in the act complained of, which would render him jointly liable with Watson and Bacon, or either of them. Besides, the same negligence and want of care which would render Watson liable to Phythian and to the plaintiff, would not apply to Phythian and render him liable. He as a bailee for hire, would be responsible for failing to use ordinary care and attention in regard to the slave, while the relation of Watson to Phythian might be such, and was such, as shown in the declaration, as to require of him extraordinary care and attention.

It seems to us, therefore, that there was an obvious misjoinder of parties, which could be reached by joint or several demurrer. In either case the plaintiff might have entered a *nolle prosequi* against one or more of the defendants, and amended his declaration and proceeded against the residue. But not doing this, but electing in effect, to proceed with the case against Phythian, the only question is, whether the Court was right in refusing a new trial, in view of the trial upon the issue made up with him.

In regard to that question, the first enquiry is, whether the Court correctly instructed the jury as to the law of the case in reference to the liability of Phythian.

The Court instructed the jury that if Watson, while George was in his possession, did not use ordinary care in permitting him to ride the horse of Bacon to Frankfort, and in consequence thereof he was thrown from the horse and died from the fall, they were at liberty to assess against the defendant, Phythian, the true value of the boy, in damages.

This instruction was given in lieu of one asked by the plaintiff, and does not materially vary from it. At all

---

HAWKINS *vs* PHYTHIAN.

The owner of property hired out may sue for an injury to his reversionary interest by one who was not the hirer.

A hirer of a slave and one who intermeddles with the slave and puts him in jeopardy, and by which he is injured, are not jointly liable to the owner.

A bailee for hire is bound to use ordinary care, such as a prudent man would take of his own property.

events, we think it was as favorable for the plaintiff as he had a right to ask. The plaintiff, in his declaration, does not alledge that the permission which Phythian gave Watson, to take George with him in the country, was in violation of, or inconsistent with his contract of hiring. It is not alledged that the act itself, of placing him under the control of Watson, or that the object, or that the services which he was to perform, were improper or unauthorized, or that Phythian was guilty of the slightest neglect or want of care in so doing. It is not of this the plaintiff complains or seeks to recover, but it is for the act of Watson and Bacon in placing George upon a *vicious and unmanageable horse.* So far as Bacon was concerned in that act, we are of opinion Phythian was not responsible. He did not participate in it, or sanction or authorize it in any way. It was an outrage on the part of Bacon, according to the plaintiff's allegations, for which he might have held him responsible—but for which he has manifested no right to recover in this action against Phythian.

But the Court below, by the instructions to the jury, held Phythian responsible for the conduct of Watson, in regard to the boy while under his control. If erroneously, the error is certainly not one which the plaintiff can render available. It was upon his motion the instruction, in that respect, was given. If, however, Phythian was properly held liable for the conduct of Watson while the boy was in his possession, it would only be for such negligence and want of care as would have rendered him, Phythian, responsible if guilty of it, while the boy was in his immediate possession and under his control.

As Phythian was a bailee for hire, the doctrine is well settled that he would only be responsible for failing to use ordinary care in the management of the boy, which, as defined by the Court below, is such care as a man of ordinary prudence would take with his own property. Whether Phythian could have held Watson liable only to this extent, is not necessary to decide. It is sufficient the law only holds Phythian liable, in view of his attitude as bailee for the use of ordinary care and dili-

gence. No error is perceived to the prejudice of the plaintiff, in the instructions given on motion of the defendant. They go upon the ground that Phythian would be responsible if Watson had acted carelessly or negligently in the management of the boy, or in the way a prudent man would not have acted with his own property.

In regard to the evidence, we are not satisfied that there was any such preponderance against the verdict, as will authorize us to disturb the judgment, and it is, therefore, affirmed.

*Hewitt and Herndon* for plaintiff; *Harlan & Craddock* for defendants.