CHIJEF JUSTICE WILLIAMS
delivered the opinion op the court:
Appellant borrowed from appellee a mare to ride some three miled in the country, and instead of doing so, put the mare in a buggy, and drove her some twelve or fourteen miles, to a neighboring town, taking with him another man. The mare was unharnessed by the landlord, and ridden down to water by his son, a small boy, and then put into the stable and fed, without any attention or care by the appellant, and next morning was found dead, being much swollen, which, in the opinion of several witnesses, indicated that her disease was colic.
Upon trial, the jury found the value of the mare for appellee, and the court having refused a new trial, this appeal seeks a correction of alleged errors.
If there were no reversible errors in the instructions when applied to the evidence, the judgment must stand.
B}r the first instruction, the jury were directed, that if the letting was a loan, and not a hiring,11 the defendant would be liable for any neglect whatever in the use and care of the animalJ
In Story on Bailments (sec. 237) it is said: “As the loan is gratuitous, and exclusively for the benefit of the *532 borrower, he is, upon the common principles of bailment already stated, bound to extraordinary diligence; and, of course, he is responsible for slight neglect in relation to the thing loaned.”
Pothier says, that it is not sufficient for the borrower to> exert the same ordinary care which fathers of families are accustomed to use about their own affairs; but that he ought to exert all possible care, such as the most careful persons apply to their own affairs; and that he is liable not only for slight, but for the slightest fault.
Again, Story {sec. 239) says: “ What shall be deemed slight neglect or want of extraordinary diligence, must depend upon the particular circumstances of each case.’.’
The court was therefore right in saying to the jury that the “ defendant would be liable for any neglect; and if they believed the death of the mare resulted from any■ degree of improper usage or want of attention, they ought,to find for plaintiff.”
By the second instruction, the jury were directed, that if the letting was on hire, “ the defendant was only bound to use and feed and attend to her, with such care as a man of ordinary prudence would bestow on his own property of-the like kind under such circumstances; and if the defendant did bcstoio such ordinary care and diligence in the use and care of the mare, they ought to find for defendant.” This instruction, though not so pertinently-worded as might have been, yet evidently means, that if the defendant used and cared for the mare with as much diligence as is common with men of ordinary prudence and discretion, then the law was for defendant, and does not bring the case within the rule, as recognized by this court in Jackson vs. Robinson (18 B. M., 7), wherein the lower court, in a case of bailment for the mutual benefit of both parties, instructed the jury to find for *533 plaintiff, if the defendant was guilty of greater negligence than a prudent man would be ordinarily guilty of,” which, in effect, told the jury that the defendant was responsible for such ordinary ca.re as positively prudent men would have taken of such property under alike circumstances, instead of saying he was only liable for such ordinary care as ordinarily prudent men would have exercised under such circumstances; or, otherwise, to use the direct language of the court, “ such as was usual with the common run of men,” and which rule of responsibility was improperly applied to such a bailment. We regard this second instruction as tantamount to what this court recognized as the correct rule of responsibility in bailments for the mutual advantage of the parties.
The fourth instruction directed the jury, that if the defendant borrowed the mare to ride two or three miles in- the country, and that he drove her in a carriage some twelve or fourteen miles, and that whilst at the town of New Haven the mare died, that “ the defendant is liable for her value ”
It is urged that this made the defendant liable at all events, though the death may have resulted from natural causes, and would have occurred even if used precisely as was expected, or not used at all, and perhaps may technically be liable to such objection ; but when applied to the facts of this case, could not have misled the jury. Had there been evidence indicating that the death was from natural causes, which must have occurred at any rates, there would have been potency in the objection. Whilst some authors suggest such a loss resulting inevitably from causes disconnected with the improper use and bailment, or perhaps forming an exception to the general liability of a bailee in his own wrong, but which none say has ever been yet settled as a rule, it must *534 clearly appear that such was the case, as this court, in Kelly vs. White (17 B. Mon., 141), held, in relation to an instruction of similar import, “ the instruction then is right so far as relates to this case, and the error, if any, could not have been prejudicial.” The court therein further says, whether the relation between the illegal act and the damage sustained was sufficiently proximate to create a liability on the part of the wrong-doer, and to sustain the action, “ has been treated as a question of law to be decided by the court, and not as a question to be determined by the jury after determining the facts by which the relation is demonstrated.”
If this be correct, we cannot sajq in view of all the facts developed, that the court erred in determining that the death of the mare, and consequent damages by reason thereof, were sufficiently approximate to render the defendant liable if he was a bailee in his own wrong, as submitted in the first part of the instruction for the jury to ascertain. *
The first instruction refused, asked by defendant, was substantially given in instruction No. 2 ; the second refused instruction is, perhaps, technically correct law, but not applicable to this case, especially after the court had determined the death of the mare as sufficiently proximate to defendant’s use, and made him responsible if such use was illegal and in his own wrong.-
We have, therefore, failed to perceive any error in - giving or refusing instructions as applicable to the facts of this case, hence, affirm the judgment, with damages.