T. C. ROBERTS, *Appellee,* v. E. G. KINLEY et al., Part-
ners, etc., et al., (E. G. KINLEY et al., *Appellants*).

No. 18,251.

SYLLABUS BY THE COURT. .

1. GARAGE KEEPER—*Bailee of Automobile—Liability for Negli-
gence of Employee.* A garage keeper to whom an automobile
is entrusted for repairs or storage is a bailee for hire, and
while not an insurer he is bound to use reasonable care to
protect and preserve it and is liable to an owner for any loss
resulting from his negligent acts or omissions, and also for
those of his agents or employees while acting within the
scope of their employment.

2. ———— *Same.* An employee in charge of a garage in which
an automobile has been left for repairs took the automobile
out after it had been repaired, for the purpose of testing it,
and also to carry home a customer of the garage who had
brought his automobile there for repairs which the garage
keeper could not make on that day, and while out on this trip
the automobile was negligently wrecked. While the trip to
the home of the customer was longer than was necessary in
order to try out the automobile the employee can not be
deemed to have been acting outside the scope of his employ-
ment while he was out upon this trip, and the garage keeper
is therefore liable for the negligent wrecking of the automobile.

Appeal from Shawnee district court, division No. 2.
Opinion filed June 7, 1913. Affirmed.

*C. J. Evans,* of Topeka, for appellant E. G. Kinley.

*P. H. Forbes,* of Topeka, for appellant Claude
Brooks.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junc-
tion City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover
damages for the negligent wrecking of an automobile
entrusted to garage keepers for repairs. It appears
that E. G. Kinley and Claude Brooks were partners

conducting a business in Topeka, which included the keeping of a garage wherein automobiles were repaired, and that Minor Poffenberger and Harry Miller were employees of the firm. T. C. Roberts, the owner of an automobile, sent his car to the garage for repairs. Poffenberger, who was in charge of the repair shop at the time, made some repairs upon it. At the same time another customer, named Cramer, living in the neighborhood of Osawkie, brought his car to the garage for repairs. It turned out that the parts needed for repairing his car were not in stock and could not be obtained nor the car repaired for two or three days. As Cramer could not return home in his own car, Poffenberger, in charge of the repair shop, proposed to and in company with Miller did take Cramer to his home in Osawkie, about twenty-five miles distant, in Roberts' car. On the return from Osawkie, Poffenberger was driving the car, and in rounding a corner at an excessive rate of speed he ran it into a ditch and wrecked it.

Under the testimony and the findings of the jury it is clear that Kinley and Brooks were the keepers of the garage and that Poffenberger was their representative at the time in question. Neither Kinley nor Brooks were at the garage when the car was brought in for repairs nor when it was taken out by Poffenberger, and neither was directly connected with the repair of the car or the use that Poffenberger made of it. While they did not directly participate in the misconduct of Poffenberger or the taking of the car they did leave him in charge of the garage, and he may be said to have been engaged in his employers' business when the car was wrecked. His testimony was to the effect that he took the car from the garage after repairing it for two purposes: one, to try it out and ascertain if the repairs were effective, and the other, to take the customer of the garage to his home. The trial court correctly instructed the jury that persons operating a garage are

required to exercise reasonable care to protect and preserve automobiles placed in their custody for storage and repairs, and if an automobile so placed is injured or destroyed on account of negligence of the garage keeper, or his servants while acting within the scope of their authority, the garage keeper is liable therefor.   A garage has been likened to a livery stable, for which it has become a substitute to a great extent, and the rules of law governing livery-stable keepers apply to garage keepers.   The keepers are bailees for hire, and bound to take the same care of automobiles entrusted to them that a prudent man ordinarily takes of his own property.   (Babbitt, The Law Applied to Motor Vehicles, § 640; Huddy on Automobiles, 2d ed., p. 207, § 5; Ingram, The Automobile and the Law, p. 90; Story on Agency, 9th ed., § 452; 28 Cyc. 43.)

It is contended, however, that Poffenberger was acting outside of his employment when the car was taken on the trip to Osawkie and that his act was a personal wrong for which his employers were not responsible. The court instructed the jury that:

"The general rule of law is that the employer is liable for injuries to the property of another caused by the negligence of his employee if the act which results in the injury is done while the employee is acting within the scope of his employment in his employer's service, even though the act was not necessary to the performance of the employee's duties and was not expressly authorized by the employer or known to him. The employer is not responsible for the wrongful act of his employee, unless the act is done within the scope of the latter's employment.   It is not enough to exempt the employer that the act is willful or malicious, or in excess of authority expressly conferred, provided the employee is acting in behalf of the employer and within the scope of his employment."

And proceeding farther, the court instructed the jury that if Poffenberger and Miller were acting within the scope of their employment at the time and they failed

to exercise ordinary care in the operation of the car, by reason of which it was injured, their employers would be liable for the resulting damages. From Poffenberger's own statement it is clear that appellants are liable for the negligence of Poffenberger. The car was taken to appellants' shop for repairs and was left with Poffenberger, who was managing and controlling the garage at the time. He repaired it and took it out for the purpose of trying out the machine, going an unnecessary distance in making the test. While trying out the engine he doubtless extended the trip to accommodate Cramer, who determined that he must return home that day without his machine which had been left for repairs. In regard to the test and trip it can not be said that it was wholly taken for Poffenberger's own purposes as the journey was in part made to accommodate a customer who was obliged to leave his own car because appellants were unable to repair it in time for his return home. The driving of appellee's car by Poffenberger to ascertain whether the repairs were successful was a proper act in connection with the bailment, and the fact that the test was not properly made or was unduly extended did not necessarily take his acts out of the line of employment. If appellants, or Poffenberger acting for them, had given the car to a stranger in which to take a ride they certainly would have been liable for resulting damages to it, and they are no less liable when they themselves use it in a way not consistent with the bailment relation. As the trial court decided, appellants were liable for injuries done while their employee was acting within the scope of his employment although his act was not necessary to the performance of his duties and although his negligent act was not authorized by the appellants or known to them.

We find no error in the record and therefore the judgment of the district court will be affirmed.