## Underhill v. United States Trust Company.

(Decided June 6, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Bailment—Bailments for Mutual Benefit.—A trust company which receives packages for hire to be deposited in its vaults for safe-keeping is responsible to the owner of such packages for their reasonable value, if lost.

2. Bailment—Bailments for Mutual Benefit.—After the owner of the package deposited in the vault of the trust company has moved to another state, without declaring the value of the package to the trust company, or any of its employes, and by letter directs the trust company to ship the package by express to a named person at a designated street number without intimating to the trust company the value of the package, or the nature of its contents, except to say that it is silverware, and the trust company, in pursuance to said letter of instruction from the owner of the package, calls the express company and delivers the package in good condition to the express company, properly addressed to the person to whom the owner directed it to be shipped, and prepays the express but makes no declaration to the express company of the value of the contents of the package, and after receipting the trust company for the said package, takes it into its possession, and the package is afterwards lost and the express company is unable to deliver the package to the consignee, the trust company having performed its duty as directed by the owner of the package was not guilty of negligence and was not liable to the owner of the package for its loss, or for its failure to declare to the express company the actual value of the package which was unknown to it.

3. Bailment—Bailments for Mutual Benefit.—The trust company was under no duty or obligation to the owner of the package to deliver the package to the express company for shipment, but having undertaken to do so it was bound to exercise such care in the performance of that duty as reasonably prudent persons under like circumstances employ for the safety of like packages.

4. Bailment—Bailments for Mutual Benefit.—The trust company had not been informed by the owner of the package of the nature of

the contents or the value thereof, and was not in position to make a declaration to the express company of the value of the package, and it was not required to guess the value thereof, nor was it authorized, either by the letter directing the shipment or otherwise to declare the value of the contents of the box. The owner of the package, plaintiff in this action, was guilty of negligence in failing to make such declaration to the trust company and is therefore not entitled to recover the value of the package from the trust company.

BRUCE & BULLITT and LEO T. WOLFORD for appellant.

MAT O'DOHERTY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellee trust company for many years past has been and is, in addition to its regular banking business, engaged in maintaining a vault with compartments therein which it lets for hire to its patrons to be used for the storage of their valuables. The rentals charged are based both upon the volume and the value of the package deposited. About the year 1911 Tracey Underhill deposited with the trust company a wooden box of small dimensions for which the company issued him a receipt, charging him three dollars per year for the storage of the box. This receipt was later endorsed by Tracey Underhill to show the property in the box belonged to appellant, Evie S. Underhill, and turned it over to her. Thereafter she paid the rental charges from time to time. The box remained in storage until November, 1916, when Mrs. Underhill, by letter dated at Detroit, Michigan, and addressed to the trust company, directed it to ship said box by express to Mrs. D. A. Kemper at a certain designated street number in the city of Detroit, state of Michigan. At this time the rentals on the package had not been paid for several months. She sent with the letter a check for six dollars to cover back rentals, if any, due and to prepay the express on the package. Following this written direction the trust company, through Patrick Joyce, the keeper of its vault, immediately forwarded the package by Adams Express to Mrs. Kemper at the street address in Detroit, which the letter gave. The express company sent its messenger to the bank to receive the package and he issued a receipt therefor to the trust company. The trust company later paid the express charges on the package from Louisville to Detroit. On the shipping of the package the trust company, through its agents, notified

Mrs. Underhill in Detroit that her order had been complied with. After waiting a reasonable time for the delivery of the package Mrs. Underhill wrote the trust company that the package had not arrived. Thereupon the trust company took the matter up with the agents of the express company in Louisville, and asked them to make an investigation, which was done. The package was never delivered by the express company to Mrs. Kemper, to whom it was addressed, in Detroit, although the express company acknowledges it received the package from the trust company and issued its receipt therefor.

This action was instituted by Mrs. Underhill against the trust company to recover $4,000.00, the alleged value of the package, upon the averment that the trust company, as bailee, negligently failed to inform the express company of the nature and value of the contents of the box shipped to Mrs. Kemper and to fix a value thereon in accordance with the actual value of the contents of the box, so as to render the express company liable for the actual value of the goods lost, which she avers to be $4,000.00. It appears that when the package was first delivered to the trust company for storage information was given to its agents that the box contained silverware, but no value was fixed upon it. In fact, the trust company was never given any idea of the nature or value of the contents of the box, which was securely nailed. It now appears from the allegations of the petition that it contained several diamonds, a number of gold bracelets and some ancient and highly valuable point laces, in addition to a large quantity of table silverware. At the conclusion of the evidence for the plaintiff the trust company moved the court for a directed verdict in its favor, but this was overruled. The same motion was made at the conclusion of all the evidence and sustained by the court and the jury returned a verdict for the defendant trust company under the directions of the court. Judgment being entered thereon Mrs. Underhill appeals.

While there are a number of alleged reasons stated in brief for appellant why the judgment should be reversed, it appears to the court to be necessary to discuss but one: Was the trust company, in performing its duties in delivering the package under the direction of Mrs. Underhill to the express company for shipment to Mrs. Kemper, in Detroit, a mere gratuitous bailee, required to exercise only slight care for the protection of the property, and, if so, did the trust company exercise the required care and

diligence as such bailee by following the instructions of Mrs. Underhill, to whom the property belonged, and consigning the package to the express company for shipment without making a written declaration to the express company of the value of the contents thereof? If the trust company failed to exercise the degree of care required of it as such bailee, in making such consignment it is liable to the owner of the package for its reasonable value, less such portion as she may have or may recover from the express company; but if it performed its duties under the instructions given by Mrs. Underhill by exercising the degree of care required of a bailee under like circumstances, it was not liable and the trial court did not err in directing the jury to find and return a verdict for the trust company.

The trust company was a bailee for hire, under its arrangement, to safely store and keep the box for Mrs. Underhill, and as such was under the duty of exercising the highest degree of care for the protection and preservation of the box and its contents, and liable to Mrs. Underhill for the reasonable value of the box and contents if it was lost or destroyed as the result of slight negligence on the part of the trust company. But when Mrs. Underhill, in Detroit, wrote the trust company to ship the box by express to a named person at a certain address, the bailment was ended as soon as the company, through its agents, carried out her instructions by delivering to the express company the box properly marked and addressed, as directed by her in her letter. The contract of bailment did not include nor contemplate that the trust company should perform any service for appellant except to safely keep and promptly deliver in good condition the box, at its vault, on her order. The company was not bound to make shipment of the box even on her order, but having undertaken to do so as a mere accommodation to her and at her request, it was bound to exercise such care as reasonably prudent persons, under like circumstances and conditions, usually employ in the performance of such gratuitous service and no more. As it is not claimed that the trust company did not properly, promptly and fully carry out the instructions given it by the owner of the box when it delivered the package to the express company properly addressed, taking a receipt therefor, it is hard to understand by what course of reasoning the appellant, Mrs. Underhill, expects to recover of the company the alleged value of the box and contents.

She insists, however, that it was the duty of the trust company to have declared to the express company at the time of the consignment of the package to it the reasonable value of the package so that said carrier would be liable to appellant in that sum, if lost, and as the trust company failed so to declare the value to the express company, and to take a receipt showing the same, it was guilty of such negligence on its part as rendered the trust company liable to appellant for the value of the box and its contents. The trust company cannot be held liable for the loss of the package unless it failed to perform some duty which it owed appellant and the package, or its value, was lost to appellant as a result of such failure of the trust company. Of course, if it were the duty of the trust company to declare to the express company the value of the package, and it knew such value or had reasonable means of ascertaining the same, and failed to do so, and did not declare the reasonable value of the package and the express company was, through such negligence on the part of the trust company, absolved from liability for the loss of the package which it confesses occurred while in its custody, appellant could have a recovery of the trust company. But this is not the case we have. Neither Mrs. Underhill, nor anyone for her, had declared to the trust company, or its agents, the value of the package nor had she revealed to it the contents of the box. No one connected with the trust company had any knowledge either of the nature and contents of the package or of its value so far as the record discloses, except that it contained silverware, the nature and value of which were wholly unknown to the trust company. These facts were known to appellant Underhill and she could have disclosed the same to the trust company and had it declare the value thereof to the express company when the package was consigned had she desired to do so, but she did not. When the express company's agent, before issuing receipt for the package to the trust company, inquired of that company the value of the package, it was unable to state the same or to even approximate its value. Under such circumstances could the trust company have guessed the package was worth $4,000.00, or any sum more than nominal? It did not know the box contained $1,200.00 worth of diamonds, point laces worth $1,000, or a number of gold bracelets of great value; and absolutely had no means of acquiring such knowledge, for the box, being a

private affair, was securely nailed, and no inspection was permitted or could have been had by the trust company. Moreover, Mrs. Underhill in writing to the trust company to ship the box by express did not even suggest that it be insured or sent through the money order department of the express company, or that care should be exercised to protect the contents of the box, and this though she well knew its contents and great value, but now wants to hold the trust company liable for its value because it did not exercise greater care than did she and fix a value on the contents of the box, even though imaginary, it could have been nothing more, and thus protected her against her own want of prudence. She merely wrote the following letter to the trust company:

"Detroit, Mich., November 28, 1916.

"Dear Mr. Veech:

"Enclosed note signed Tulso. Enclosed postoffice order for $6.00 for shipment for silverware. If it does not amount to that much just use the balance in expressing the box to Mrs. D. A. Kemper, 919 East Jefferson, Witheral Apartment, by express, and if it is more than what I have sent, let me know and I will send more."

In testifying concerning the foregoing letter, she stated in her deposition: "Some time in November, 1916, while I was in Detroit, I wrote the trust company to ship my box with contents to Detroit, asking them to address it to Mrs. D. A. Kemper, 919 East Jefferson Avenue, Detroit, Michigan. I have no copy of this letter but sent the original to the United States Trust Company and afterwards had correspondence with them concerning its contents and the directions therein given. . . .

"My instructions were in writing and in the letter to which I have testified in the preceding answer, and the letter was addressed simply to the United States Trust Company at Louisville, Kentucky."

Concerning what she said to the company about the contents and value of the box Mrs. Underhill testified:

"I didn't tell them in detail the value of the property, as I assumed that they knew I wouldn't be paying storage on a box unless it did contain valuable property."

The record clearly shows she did not tell the trust company anything about the value or contents of the box except to say it was silverware. As she did not, in directing the trust company to send the package to Detroit by

express, give it any authority to declare its value nor intimate at what sum its value should be fixed, she is in no position to complain that the trust company made no declaration of value, and the express company, as a matter of form, fixed the value at $50.00.

We do not deem it necessary for the court to consider the other questions made.

Judgment affirmed.