## Bowman et al. v. Vandiver.

(Decided March 22, 1932.)

140

E. S. WIGGINS for appellants.

BURNAM & GREENLEAF for appellee.

Opinion of the Court by Judge Richardson—Reversing.

Bowman & Martin, a partnership, rented from Vandiver a road roller which at the time was at Livingston, Ky. With it was a sprinkler wagon owned by Vandiver. An employee of Bowman & Martin obtained the roller to transport it to Madison county. In doing so he carried with him the sprinkler wagon. For the use of the roller Bowman & Martin agreed to pay and did pay $10 per day for the time it was kept by them. Notwithstanding they did not rent the sprinkler wagon, they used it in the road construction in which they were engaged. To the roller was attached a scarifier which was in use by Bowman & Martin, and it was damaged in a collision with a truck in the employment of the state road commission. The boiler on the roller was permitted by Bowman & Martin to freeze and damage.

It is claimed by Vandiver that in the spring of 1929 he rented the roller to one Myers for $100 per month for a period of five months, and that he notified Bowman & Martin of this fact, and that they agreed to repair it within two or three weeks in order for it to be ready for service at the time it was to be delivered by him to Myers, and that they failed to repair it within the agreed time and thereby prevented him from complying with his rental contract with Myers. For the damage to the scarifier, Vandiver claims $25; the freezing of the boiler, $85; and, for their failure to repair the boiler as per their

agreement, $500 for the loss of his rental contract with Myers.

On a trial before a jury, a verdict was returned in favor of Vandiver for $350. The appellant has entered a motion for an appeal, and insists the verdict is not sustained by the evidence. He complains of the admission of certain evidence and of the instructions of the court.

A borrower is responsible for slight negligence or the slightest fault producing damage to the property of lender. Story on Bailments, Secs. 237 and 239.

Story on Bailments, Sec. 239, says:

"What should be deemed slight negligence or want of extraordinary diligence must depend upon the particular circumstances of each case."

In Kennedy v. Ashcraft, 4 Bush, 530, damages were sought by the lender of the borrower for injury to a mare borrowed to ride one distance, when she was ridden a greater distance, followed by her death. In discussing the liability of the borrower, it was stated by this court: "The court was therefore right in saying to the jury that the 'defendant would be liable for any negligence; and if they believed the death of the mare resulted from any degree of improper usage or want of attention, they ought to find for plaintiff.' " Green v. Hollingsworth, 5 Dana, 173, 30 Am. Dec. 680. Vandiver having alleged that the scarifier and boiler on the road roller were in the possession of Bowman & Martin under a contract of hire, his claim for damages thereto while in their possession is not controlled by the rule fixing the responsibility of a borrower, but this fact brings it within the rule of a bailee for hire, which is that such bailee is bound to exercise ordinary care, and is responsible for ordinary negligence unless there be fraud or a special contract by which it may be varied in that particular case. Swigert v. Graham, 7 B. Mon. 661; Hawkins v. Phythian, 8 B. Mon. 515; Jackson v. Robinson, 18 B. Mon. 1; L. & N. R. R. Co. v. Yandell, 17 B. Mon. 586; Western v. Pollard, 16 B. Mon. 315; Underhill v. U. S. Trust Co.; 195 Ky. 149, 241 S. W. 812; American, etc., Co. v. Walker, 72 Md. 454, 20 A. 1, 20 Am. St. Rep. 479; Roberts v. Kinley, 89 Kan. 885, 132 P. 1180, 45 L. R. A. (N. S.) 938; Firmen's Fund Ins. Co. v. Schreiber, 150 Wis. 42, 135 N. W. 507, 45 L. R. A. (N. S.) 314, Ann. Cas.

1913E, 823. Evidence that they were in good condition when delivered to Bowman & Martin, coupled with the fact that they were returned by Bowman & Martin in a damaged condition, was in itself proof of negligence which shifted to them the burden of showing that the damage to the scarifier and boiler was not the proximate result of their negligence. Firestone Tire & Rubber Co. v. Pacific Transfer Co., 120 Wash. 665, 208 P. 55, 26 A. L. R. 217; International Film Traders v. Shapiro, (Sup.) 150 N. Y. S. 96.

It was incumbent upon Bowman & Martin to show that the damage to the machinery was brought about without their negligence. International Film Traders v. Shaprio, supra; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; Lancaster Mills v. Merchants' Cotton-Press Co., 89 Tenn. 1, 14 S. W. 317, 24 Am. St. Rep. 586; Weller v. Camp. 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106.

Bowman & Martin were not permitted by the court to bring to the jury evidence as to how the damage was done to the scarifier.

In the present case the court peremptorily instructed the jury to find for plaintiff the reasonable cost of repairing the scarifier. This instruction was proper in the absence of evidence on the part of Bowman & Martin showing that it was damaged without their negligence. In his instruction relating to the damage to the boiler, the jury was directed to find for plaintiff on this item, if it believed from the evidence that Bowman & Martin negligently permitted it to freeze. On the evidence as it was presented under the rule as we have stated it, Vandiver was entitled to peremptory instruction on the item of damage resulting from the freezing of the boiler, directing it to find for plaintiff such sum in damage therefor as it might believe from the evidence was the reasonable cost of restoring the boiler to the condition it was in before it was alleged to have been permitted by Bowman & Martin to freeze. The instructions correctly authorized the jury to find for Vandiver the reasonable and customary value of the use of the sprinkler.

Insufficient evidence was presented to the jury authorizing it to find for Vandiver damage for the alleged failure of Bowman & Martin to repair the boiler within the time it is alleged they agreed to repair it,

in order for Vandiver to deliver it to Myers. The court declined to permit the parties to offer evidence as to the terms and conditions of the rental contract between Vandiver and Bowman & Martin concerning the roller. Vandiver alleged and attempted to prove a rental contract with Myers and the agreement on the part of Bowman & Martin to repair the boiler within two or three weeks to the end that he might rent and deliver it to Myers. Even if it be conceded that Bowman & Martin agreed to repair the boiler as claimed by Vandiver, no consideration was alleged or proven supporting such agreement.

"Consideration" is the reason which moves contracting parties to enter into the contract. It may be a forbearance or a promise, either of which is offered by one party to the agreement and accepted by the other. It is the reason or motive or matter of inducement to contract, whether it be the compensation paid which was paid, or an inconvenience which was suffered by the party from whom it proceeds. Farmers' Bank of White Plains v. Williams, 205 Ky. 261, 265 S. W. 771. A consideration may be a benefit to one and a detriment to the other party to the contract. Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; Cassinelli v. Stacy, 238 Ky. 827, 38 S. W. (2d) 980; Funk v. Funk (Ky.) 122 S. W. 511; Tudor v. Security Trust Co., 163 Ky. 514, 173 S. W. 1118. Vandiver having failed to allege and prove a consideration supporting the agreement of Bowman & Martin to repair the boiler, they were entitled to a peremptory instruction as to this item. It may be further stated that the evidence offered by Vandiver fails to establish a binding and enforceable contract between him and Myers for the rent of the machinery. The breach of the rental contract by virtue of which Bowman and Martin has possession of the machinery at the time did not entitle Vandiver to the alleged damages he sustained, if any, by reason of their failure to repair the machinery within time to deliver it to Myers, even if he had a binding and enforceable contract with Myers. Such damage was not within the contemplation of the rental contract between him and Bowman & Martin by virtue of which they had possession of the machinery. Moss Jellico Coal Co. v. American Ry. Exp. Co., 198 Ky. 202, 248 S. W. 508. However in his petition Vandiver seeks to recover damages, not by virtue of the original contract

between him and them, but by reason of a special contract.

The motion for an appeal is sustained, and the judgment reversed for proceedings consistent with this opinion.