## Ashby v. Dunn et al.

March 12, 1940.

W. C. Jonson, Judge.

Otto C. Martin for appellant.

A. D. Kirk for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Rollie Ashby, plaintiff below, is insisting that the trial court erred in giving a peremptory instruction in favor of the appellees at the conclusion of his evidence in an action to recover $350 for damages to a tractor loaned to the appellees. He first sued W. H. Dunn and Ira Daugherty, alleging that they were doing a partnership business under the name of Dunn and Daugherty. Ashby alleged further that he loaned these parties a tractor, which was in good condition, to operate a rock crusher belonging to them with the understanding that they would return it in good condition when they finished using it, but that they did not do so for several months, and when they did the machine was damaged materially. He alleged also that the damages, including a bursted cylinder head, block and radiator and a broken oil line, resulted from the carelessness and negligence of Dunn and Daugherty. Before an answer was filed Ashby filed an amended petition in which he

set forth that the partnership was composed of Daugherty, Norman Bilbro and Leonard Smith at the time the tractor was loaned, and that the name of Dunn should be stricken from the petition, since he entered the firm subsequent to the loaning of the tractor. He adopted all of the allegations of the petition as to Daugherty, Bilbro and Smith. The answer was mainly a traverse containing the averment that the tractor was damaged when borrowed.

While question is raised as to the sufficiency of the pleadings, we think the petition as amended stated a cause of action as to Daugherty, Bilbro and Smith.

Ashby offered proof to the effect that the tractor was worth approximately $350 when he loaned it to the appellees in August, 1936, and that it was worth less than $50 when it was returned to him in the spring of 1937. Proof was offered as to the nature of the damages. It was also brought out that the tractor was used by Ohio County in road building work for about five years before Ashby purchased it for $100 and that he had used it for approximately three years before it was loaned to the appellees. The appellees used the tractor very little and it is shown conclusively that Ashby knew that it was not being used within ten days or two weeks after the appellees moved it from his premises to their place of business. It is shown also that the appellant attempted to rent or loan the tractor to another party shortly after the partnership ceased using it, and that he attempted to have it moved to his premises in January, 1937. Ashby testified that he asked on several occasions that the tractor be returned and that Daugherty repeatedly told him it would be returned.

On cross examination the appellees sought to show that the tractor was rented rather than loaned to them. The trial court refused to permit the filing of an amended answer which set forth that Ashby was negligent in the management and control of his tractor; that he assumed the risk incident to the use by permitting it to remain outside all winter; and that he rented the tractor with the warranty that it was in good condition and could pull appellees' machinery, but that it was not in good condition and would not do the work for which it was rented.

While the appellees earnestly insist that we should affirm the judgment, thereby denying the motion for an appeal, there being only $350 involved, we are of the opinion that Ashby's pleadings and proof were such that the trial court erred in instructing the jury to find for the appellees at the conclusion of his evidence. There was more than a scintilla of evidence as to the liability of Daugherty, Bilbro and Smith. See Nugent v. Nugent's Ex'rs, 281 Ky. 263, 135 S. W. (2d) 877. If the loan of the tractor was gratuitous, as alleged, and as supported by the appellant's proof, it was the duty of the appellees to return it in as good condition as when it came into their possession, and theirs was a duty of extraordinary care. The actions of Ashby in attempting to rent the machine before it was returned and in sending his truck for it would not relieve them of that duty. Kennedy v. Ashcraft, 4 Bush 530; Bowman v. Vandiver, 243 Ky. 139, 47 S. W. (2d) 947; Barret v. Ivison, 248 Ky. 243, 57 S. W. (2d) 1005.

Wherefore, for the reasons given herein, the appeal is granted and the judgment reversed for proceedings consistent with this opinion.