## Thomasson, et al. v. Hiatt.

(Decided February 27, 1917.)

### Appeal from Campbell Circuit Court.

1. Landlord and Tenant—Injuries to Tenant—Liability of Landlord.— The tenant takes the premises as he finds them, and the landlord is not liable for injuries growing out of the dangerous or defective

condition of the premises, unless such condition is known to the
landlord and is not known to, or discoverable by, the tenant on a
reasonable inspection, and the landlord conceals or fails to dis-
close such condition to the tenant.

2.    Landlord and Tenant—Defective Premises—Injuries to Tenant—
      Liability of Landlord.—Plaintiff leased from defendants three up-
      stairs rooms, which were reached by a stairway in the sole con-
      trol of plaintiff.  At the top of the stairway was a platform lead-
      ing to the middle room and the kitchen.  The platform did not
      extend the full width of the kitchen door.  After occupying the
      premises for eight days and using the stairway two or three times
      a day, plaintiff, in attempting for the first time to step from the
      kitchen to the platform, missed the platform and, falling to the
      floor below, was injured: Held, that as the defect in the plat-
      form was not latent but plainly observable, the element of deceit
      was lacking and there could be no recovery.

FRANK V. BENTON for appellants.

WILLIAM F. CLARK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

In this action for damages for personal injuries,
plaintiff, Sophia Hiatt, recovered of the defendants,
Stella Thomasson and W. J. Thomasson, a verdict and
judgment for $1,500.00.  The defendants appeal.

While several grounds are urged for a reversal, we
deem it necessary to consider only the failure of the
trial court to sustain defendants' motion for a peremp-
tory instruction.

Briefly stated, the facts are as follows: Defendants
own a house on Twelfth Street in Newport.  The house
contains six rooms, three on the first and three on the
second floor. During the latter part of June, 1915, plain-
tiff rented from the defendants the three rooms on the
upper floor and took possession of same on July 1 of
that year.  These rooms were reached by means of a
stairway leading from the first to the second floor, and
the stairway was not connected in any way with the
rooms on the first floor.  At the top of the stairway was
a landing and two doors, one on the south leading into
the middle room, and one on the east leading into the
kitchen.  The kitchen door opens out and the platform
or landing does not extend the full width of the kitchen
door. On July 9, plaintiff, while attempting to go from
the kitchen to the platform, stepped out the door

and was precipitated to the floor beneath, a distance of several feet, and thereby received the injuries of which she complains.

It is the settled law of this state that the tenant takes the premises as he finds them, and the landlord is not liable for injuries growing out of the dangerous or defective condition of the premises, unless such condition is known to the landlord and is not known to, or discoverable by, the tenant on a reasonable inspection, and the landlord conceals or fails to disclose such condition to the tenant. Holzhauer v. Sheeny, 127 Ky. 28, 104 S. W. 1034. The reason for the rule is that the liability of the landlord in such cases rests entirely upon the notion of deceit; that is, knowledge on the part of the landlord of the defective condition, and fraudulent concealment from the tenant. Manifestly, if the tenant knows of the defective condition, or could discover it by a reasonable inspection, the element of deceit is lacking, and there can be no recovery. Andonique v. Carmen, 151 Ky. 249, 151 S. W. 921. Here plaintiff's injuries were not due to the fact that the platform or stairway gave way by reason of any structural weakness or decay. Her sole complaint is that the platform was of insufficient size and was not properly guarded. In other words, the alleged dangerous condition of the platform was not due to any latent defect, but was due altogether to the plan of construction. While plaintiff claims that she was going out of the kitchen door for the first time and did not know of the insufficiency of the platform, she admits that she had been occupying the premises for about eight days, and during this time had occasion to use the stairway at least two or three times a day. Since, under the law, plaintiff was bound to know those things which a reasonable inspection would reveal, she will not be heard to say that she did not know of a condition that was plainly observable and which she could not fail to know unless she closed her eyes. As the defendants were under no duty to disclose to plaintiff a condition that was perfectly apparent and, therefore, discoverable by a reasonable inspection, it follows that the element of deceit is lacking and that the trial court should have directed a verdict in favor of the defendants.

Judgment reversed and cause remanded for a new trial consistent with this opinion.