# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

JANUARY TERM, 1888.

CASE 1—PETITION EQUITY—FEBRUARY 16, 1888.

## Masters' Ex'r v. Bienker, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. PROBATE OF WILLS—JURISDICTION.—The proceedings of a county court in this State in matters of probate and administration are not conclusive as to the jurisdiction, which may be called in question by proper averments.

2. SAME.—In such matters the county court is not a court of special or limited, but of exclusive and general jurisdiction.

3. SAME—PRESUMPTIONS.—Where the jurisdiction of a court over a matter is exclusive and complete the action of the court will always be presumed to be within it, and the burden is upon a party denying or assailing the jurisdiction.

4. SAME—BURDEN OF PROOF.—An executor who had qualified in a county court in this State instituted this action to recover a note and mortgage held by his testator from one who claimed them under a purchase from an administrator of the decedent appointed and qualified in the State of Louisiana. The defendants alleged that the domicile of the decedent was in Louisiana at the time of her death, and that the Kentucky court had no jurisdiction in the matter of probate and administration. *Held*—That the burden was upon the defendant to show want of jurisdiction in the Kentucky court.

5. PRESUMPTIONS.—Whenever there is a presumption as to the existence of a fact, he who asserts the contrary must prove it.

JOHN S. DUCKER FOR APPELLANT.

1. The grant of probate is a judicial act, and when done by a court of competent jurisdiction can not be collaterally attacked. (Sanders v. Sanders, 17 B. M., 10; Roderigas v. East River Saving Inst., 20 Am. Rep., 555; Bolton v. Jacks, 6 Rob't. Sup'r., 166; Johnson v. Beazley, 27 Am. Rep., 276; Cutts v. Hoskins, 9 Mass., 543; Wight v. Wallbaum, 39 Ill., 563; Moore v. Tanner's Adm'r, 5 Mon., 45; Toller's Law of Executors, page 76; Wells' Will, 5 Litt., 275; Payne's Will, 4 Mon., 424; King v. Bullock, 9 Dana, 41.)

2. The presumptions are in favor of the jurisdiction of the Kentucky court, and the burden is upon any one denying its jurisdiction. (Abbott's Trial Evidence, pages 56, 57; Higdon's Heirs v. Higdon's Devisees, 6 J. J. Mar., 51; Fletcher's Adm'r v. Weir, 7 Dana, 347; 21 Cent. Law Journal, 188.)

3. The county court has *exclusive* jurisdiction of the probate of wills. It is not in a proper sense a court of limited jurisdiction, and the facts conferring jurisdiction need not appear in the record. (Johnson v. Beazley, 27 Am. Rep., 283.)

.4. The Campbell County Court had jurisdiction, as the decedent had debts owing to her in that county at the time of her death. (Gen. Stats., chap. 113, sec. 26.)

L. J. CRAWFORD AND R. HINGSON FOR APPELLEES.

1. The burden was upon appellant because he *voluntarily* assumed it.

2. It is only when the court has jurisdiction of the subject-matter that the probate is conclusive. (Redfield on Wills, vol. 3, p. 59, sec. 3, 3d ed.; *Ibid.*, sec. 2, p. 58; Hughey v. Sidwell, 18 B. M., p. 259; Albert v. Taylor, 11 Bush, p. 335; 4 Ky. Law Rep., 907.)

A judgment of a court having no jurisdiction is void, and can be collaterally attacked. (Freeman on Judgments, 116, 117, 120 and 121.)

3. The proceedings of the county court in matters of probate and administration are not conclusive as to the jurisdiction of the court, and such jurisdiction may be collaterally called in question when the proper averments are made. (10 Bush, 271; 4 Bibb, 336; 2 Greenleaf on Evidence, vol. 2, p. 339; Wood v. Wood, 78 Ky., p. 624; 4 Ky. Law Rep., 230.)

4. Personal property follows the person, and is subject to and must be distributed according to the law of the domicile. (Redfield on Wills, vol. 1, p. 397, 4th ed.; *Ibid.*, vol. 3, p. 20, 3d ed.; 2 Blackstone's Comm., p. 508; Williams on Executors, p. 264; 3 N. H., 517; 8 N. H., 98; 6 Mon., 59; Meed v. Ewing and Wife, 5 J. J. Mar., 464; Morris v. Morris, 27 Miss., 847.)

5. Section 26 of chapter 113 of the General Statutes was not intended to

provide for the. *original* probate here of wills of persons dying dom-
iciled out of the State. (Embry v. Miller, 1 Mar., 303.)
6. An ancillary administrator can administer only the property whose
situs is within the jurisdiction. of the tribunal appointing him.
(Fletcher v. Sanders, 7 Dana, 345.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

In October, 1882, Elizabeth Masters, being then a
resident of Campbell county, Kentucky, and the owner
of certain real estate therein, made her will. She went
to Louisiana in October, 1883, where she remained until
her death in February, 1884. After the execution of
the will, but prior to going to Louisiana, she sold. the
real estate to a citizen of Campbell county, taking. his
notes for the purchase money, and securing their pay-
ment by a mortgage lien upon the land sold. These
notes and the mortgage she took with her to Louisi-
ana, and they were there in her possession when she
died. The debtor lived in Campbell county, and the
property in lien was there. The will was probated in
the Campbell County Court on April 21, 1884, and the
appellant, who was nominated as executor, qualified
as such in said court in October, 1884, and subsequently
brought this action.

The facts are to be gathered from the admissions of
the pleadings, as no testimony was taken by either side.
It is averred in the petition, among other matters, that
the testatrix was, when she died, a resident of Campbell
county, but temporarily in Louisiana ; and that "some-
time in 1884, in the court of Louisiana having probate
jurisdiction," her sister, Anna Smith, was appointed
and qualified as her administratrix, and thereafter she
as such representative sold the notes and mortgage to

her husband at public sale. All parties appear to agree
that when the testatrix died she had no property inter-
ests in Kentucky, unless the land notes are to be so
considered. The appellant asked that he be adjudged
the legal owner of them; that it be declared the Smiths
had no right thereto; and that their payment be en-
forced in his favor. The answer of Smith and wife
denies that the testatrix died a resident of Campbell
county. It states affirmatively that her domicile was
then in Louisiana, and that the Kentucky court had,
therefore, no jurisdiction in the matter of probate
and administration. It admits the appointment and
qualification of Mrs. Smith as administratrix by the
proper Louisiana court; asserts that the will was pro-
cured by undue influence, and asks that it, as well as
all the proceedings in the Campbell County Court, be
declared void.

The appellant insists that upon the pleadings the
burthen was upon Smith and wife to show by evidence
that the domicile of the testatrix was at her death in
Louisiana and not in Kentucky; while they with equal
confidence assert that the appellant was bound to prove
the reverse of this, and that in any event he voluntarily,
by the affirmative averments in his petition, assumed
the *onus* as to the question, and can not now be heard
to say that it was not upon him. The lower court was
of the opinion that the burden rested upon the appel-
lant, and, therefore, dismissed his action.

The validity of the will can not under our law be
questioned in this manner, nor can the proceedings in
the Campbell County Court be assailed collaterally,
save upon the ground of want of jurisdiction. Both

sides agree in argument that this is the law. If a court has no jurisdiction, then its judgment is void, and it may be assailed collaterally. (Freeman on Judgments, 116, 117, 120, 121.)

As the petition merely avers that the Louisiana appointment was made in 1884, without stating the precise date, it must, under the rule that the presumption is against the pleader, be taken as having been made prior to the Kentucky county court proceedings; but this can make no difference if, under the pleadings, the burden rested upon the appellees to show by evidence that they were *coram non judice*. If in point of fact the absence of the testatrix was temporary, and her domicile at the time of her death in Kentucky, then beyond question its court had jurisdiction.

It has been said in general terms in some of the cases heretofore in this court that the judgment of a county court probating a will cannot be collaterally questioned; but this, of course, is where the court has jurisdiction. The case now in hand turns altogether on the pleadings.

Whenever there is a presumption as to the existence of a fact, he who asserts the contrary must prove it.

The proceedings of a county court in this State in matters of probate and administration are not conclusive as to the jurisdiction. It may be called in question by proper averments. But in such matters it is not a court of special or limited, but of exclusive and general jurisdiction. It is unlike a case where the existence of jurisdiction depends upon the existence of certain facts. In such a case they must appear to confer it. Where, however, the jurisdiction over a mat-

ter is exclusive and complete, the action of the court will always be presumed to be within it, and a party denying or assailing it must show the want of jurisdiction. This is the common law rule, and it has frequently been announced by this court. (Abbott's Trial Evidence, pp. 56, 57; Fletcher's Adm'r v. Wier, &c., 7 Dana, 345; Jacob's Adm'r v. Railroad, 10 Bush, 263.) In this instance the burden was upon the appellees to show that the county court had transcended its authority; and the existence of the presumption that it had not was not destroyed by the fact that the pleader in whose favor it existed stated affirmatively jurisdictional facts which were denied.

The judgment is reversed, and cause remanded for further proceedings in conformity to this opinion.