## Jones-Gray Construction Company v. Stephens.

(Decided January 18, 1916.)

### Appeal from Estill Circuit Court.

1. Contracts—Unavoidable Accident—Repayment of Consideration.— A party who has received in advance payment for work to be performed by him upon the barn of another, which is destroyed before performance of the contract by an accident for which neither is responsible, is liable to the party having made the payment for the repayment of the unearned consideration.

2. Damages—Non Performance of Contract Because of Accident— Action for Damages.—A party who fails to perform a contract for work to be done upon the barn of another, which is destroyed before the contract is performed by an accident for which neither is responsible, is not liable in damage for the non-performance.

3. Damages—Failure to Perform Contract—Measure of Recovery.— If the consideration paid in such circumstances cannot be returned in kind, the measure of recovery is what its performance would have cost the party agreeing to do the work.

BEVERLY R. JOUETT and CLARENCE MILLER for appellant.

GRANT E. LILLY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing on original and affirming on cross-appeal.

On May 3, 1912, appellee sold to the L. & N. Railroad Company a strip of land through his farm for a right-of-way, reserving a barn located on the strip of land, with the privilege of moving it to his own land in time not to interfere with the construction by said railroad company of its roadbed on said right-of-way.

On June 19, 1912, appellee and appellant executed the following contract:

"It is agreed and understood by and between the said parties, for and in consideration of one hundred dollars ($100) in hand, that the parties of the second part is to have use of grade made from Red River near Mr. Stephens' residence to top of hill, exclusive for one year from date of this agreement, compensating him in addition for what ground lying between foot of hill and river, that he may want to put in crops, paying him in proportion for what value of crops that may be raised on this ground, to be decided between the party of the first part and parties of the second part; in the event that they cannot come to any satisfactory agreement, then they both mutually agree to have it decided by three disinterested parties.

"It is further agreed and understood that the filling said above mentioned ground, that this is to be done in such weather that the ground shall not be injured.

"It is further agreed and understood between the party of the first part and the parties of the second part that they are to move barn at top of hill to nearest point off of right-of-way and leave it in good condition, putting same on concrete pillows; said clause is subject to any prior contract with L. & N. railroad.

"It is further agreed that the parties of the second part will have the privilege of this grade six months longer if necessary to complete the work. The barn is to be moved on east side of railroad.

"Jones Gray Const. Co.
"By E. M. Jones,
"W. A. Stephens.

"Witnesses: W. R. Sphar."

On September 4, 1912, the barn burned, and on April 17, 1913, appellee filed this action against appellant (1) seeking to recover the value of the barn stated to be $750.00 upon the ground that its destruction was caused by the negligence of appellant; (2) for the use of lands, other than that rented to appellant, the sum of $50.00; (3) damages for unreasonable and unseasonable use of the lands rented to appellant in the sum of $150.00; (4) for damages for the destruction of fences and gates, and the consequent loss by appellee of the use of his grass land, the sum of $100.00, and (5) for the recovery of the value of the compensation paid by appellee to ap-

pellant in the use of the land rented appellant, by reason of appellant's failure to move the barn, said loss to appellee stated to be the price it would have cost appellant to have moved said barn, namely: $500.00.

Appellant filed demurrer to the paragraphs as amended setting up each of said claims. The demurrer having been overruled, appellant excepted, filed answer traversing the allegations of each paragraph, and as additional defense to the fifth item of appellee's claim alleged that it was at all times, after the execution of said contract, ready, willing and able to have moved said barn as agreed, but that it was prevented from so doing by reason of the destruction of said barn, and not from any fault of its own.

A jury was sworn and proof heard, after which appellant asked for a peremptory instruction as to items 1, 2, 3 and 5, which motion was sustained by the court as to item one, and overruled as to the other items.

Appellant saved exceptions to the order of the court overruling his motion for a peremptory instruction. The court then submitted to the jury upon his own instructions items 2, 3, 4 and 5. The jury found for appellee $10.00 on item two, $50.00 on item three, and $300.00 on item five, and for the appellant on item four. Appellee objected and excepted to the peremptory instruction given by the court upon item one. Both parties filed motion and grounds for a new trial, and the case is here upon motion by appellant for an appeal, and upon a cross-appeal granted by this court to appellee. Counsel for appellant does not urge in brief any objection to the judgments against it for $10.00 and $50.00 under items two and three, but bases his plea upon alleged errors of the court: (1) in overruling his demurrer to the petition as to item five; (2) because the court overruled his motion for a peremptory instruction upon the same item, and (3) because the instruction on said item given by the court is erroneous. Appellee seeks a reversal of the court's order in directing the jury to find for appellant upon the first item.

Under the first item of the claim set up by appellee he presented a claim for damages from the loss of the barn caused by the negligence of appellant. The evidence does not show nor even tend to show that appellant caused the destruction of said barn by negligence or otherwise, and we are of the opinion that the court

properly directed the jury to find for appellant on that item. Counsel for appellee argues, without citing any authority supporting his argument, that he had turned the barn over to appellant to be moved, and that it was the duty of appellant to have shown affirmatively that the barn did not burn from its negligence. We are not familiar with, and have been unable to find, any authority for such contention, and the judgment of the lower court is affirmed on the cross-appeal.

In attempting to set up his cause of action for the fifth item, appellee alleges, in substance, that by his contract with appellant he was to receive as compensation for the benefits accruing to appellant under said contract $100.00 in cash and a removal of his barn to his own land; that appellant received its full benefits under said contract; that he received the $100.00, but that he did not receive the full compensation that he was entitled to under his contract, in that appellant did not move the barn as agreed; that the barn was burned by the negligence of appellant on September 4th; that by mutual mistake it was inadvertently left out of the written contract that appellant was to move the barn with dispatch and in time for appellee to house therein his growing crops of that year; that appellee vacated said barn and turned it over to appellant on or about the first of August; that appellant could, and was bound by its contract to have moved said barn before the date it burned, and that he was entitled to recover of it what it would have cost to have moved the barn, namely, $500.00. These allegations in our opinion present a good cause of action.

It is not clear from the proof when appellant, under the contract, was to have moved the barn, nor do we think it is material, for, in our opinion, it makes no difference whether the barn was burned before or after the time in which appellant was to have moved it. Appellant had been paid for moving the barn, and by an accident for which neither party was responsible, was prevented from so doing. Under the contract the value of the use of appellee's land by appellant was fixed by the parties at $100.00 and what it would have cost appellant to have moved the barn. Having received the consideration for moving the barn, appellant cannot retain that consideration for the performance of the service it did not do, even though prevented by an unavoidable

accident. In discussing this very question it is stated in 6 R. C. L., 982, as follows:

"Where there is a bilateral contract for an entire consideration moving from each party, and the contract cannot be performed, it may be held that the consideration on each side is the performance of the contract by the other, and that a failure completely to perform it is a failure of the entire consideration, leaving each party, if there has been no breach or fault on either side, to this implied assumpsit for what he has done. If the owner in such a case has paid in advance, he may recover back his money, or so much of it, as was an overpayment." Citing Butterfield v. Byron, 153 Mass., 517, and notes to 5 L. R. A. (N. S.), 1110, Ann. Cas., 1913a, 458. This principle is recognized and applied in the cases reported in 52 L. R. A., 868, 98 Cal., 1 and 129 Cal., 222.

Counsel for appellant contends vigorously under authority of Romero v. Newman, 23 So., 493, and numerous other authorities supporting it, that there was no liability upon the part of appellant, quoting from Romero v. Newman as follows: "Where the execution of a contract has been rendered impossible in its entirety by reason of a fortuitous event not preceded by some fault of the debtor, the creditor cannot exact damages for non-execution." In all of these cases cited for appellant, the question decided was that the creditor cannot exact damages for the non-execution of a contract resulting from destruction of the property upon which the work was to be performed. That is not the question involved here. Damages are not sought for the non-execution of the contract, and it is recognized as a well established and correct principle of law that in such cases the party failing to perform the labor upon the property of the other party which is destroyed by an unavoidable accident, is excused from liability for damages by reason of said failure. In the case at bar appellee is not seeking to recover damages for the non-performance of the contract, but is seeking only to recover of appellant the consideration paid it by appellee for the performance of the service which appellant did not and could not by reason of the unavoidable accident perform. It would be an unjust rule of law that would exact damages of one because of his failure to do a service upon the property of another which both

parties had contemplated would be in existence, when its destruction was unavoidable, in no wise the fault of the party who was to perform the service, who stood ready, willing and able to perform his contract, and the courts have held uniformly that the party so failing will not be required to answer in damages. It would be even a harsher rule of law that would permit a party who had contracted to do a service and received payment therefor, to retain the payment made to him in advance for his work, when by reason of an unavoidable accident he is excused from the performance of his contract, and no court so far as we have been able to find has ever so held. It not only would be an unjust rule, but it would be an exceedingly dangerous one, for it would make it greatly to the advantage of the party who had contracted to do the service to surreptitiously destroy the property. Appellant having received pay to perform this service for appellee and having failed to perform it because of an accident for which neither is to blame, ought not to want to retain the thing of value for which he had done nothing, and the law will not permit him to do so.

The court below properly overruled appellant's demurrer to this item of appellee's petition and appellant's motion for a peremptory instruction.

In submitting this question to the jury, the court gave the following instruction to which appellant objected and excepted:

"If you believe from the evidence that defendant had reasonable time to move the barn between July 19th, 1912, and September 4th, 1912, you will find for plaintiff from the evidence what it would reasonably cost to move said barn from its original location to the nearest point off the right of way, but not exceeding the reasonable value of the consideration paid or passing to defendant from plaintiff by the contract of July 19th, 1912, less the one hundred dollars ($100.00) already paid to plaintiff, but in no event shall you find for plaintiff exceeding five hundred dollars ($500.00), the amount claimed in the petition, but if you believe from the evidence that defendant had not a reasonable time to move said barn between said dates, you will find for defendant."

As we have stated before, the question of the time in which appellant was to have moved the barn was im-

material and reference thereto should not have been made in the instruction, nor should any reference have been made to the $100.00 paid by appellant, although those parts of the instruction were not prejudicial to appellant, but we do think that portion of the instruction, which is as follows, was prejudicial:

"You will find for plaintiff from the evidence what it would reasonably cost to move said barn."

This authorized the jury to find for appellee what it would cost a person not situated as was appellant, to have moved the barn. Appellant was on the ground with every appliance at hand necessary to do the work, and could have done it for much less than one not so prepared. What it would have cost appellant is all appellee is entitled to recover. Evidence was introduced to prove what it would have cost others than appellant to have done the work, and the finding of the jury is in accord with these estimates.

Upon a retrial of the case the court will limit the evidence and appellee's recovery to what it would have reasonably cost appellant to have moved the barn under its contract. As all of the other issues involved in this litigation were, in our judgment, properly disposed of, it will be necessary only to grant appellant a new trial upon this one issue.

For the reasons indicated appellant's motion for an appeal is sustained; the appeal is granted, and the case is reversed and remanded for proceedings consistent herewith.