## Smith-Hager Ice Company v. Reid.

(Decided February 12, 1929.)

490

FLOYD J. LASWELL, BEN D. RINGO and W. FOSTER HAYES for appellant.

R. MILLER HOLLAND for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On September 30, 1926, the appellant, Smith-Hager Ice Company, addressed a letter to the appellee, Robert Reid, which is as follows:

"This is to verify your conversation with Mr. Smith regarding storage room:

"We rent you our east storage room for apples from now to March 1st, 1927, for the sum of $425.00.

"Kindly acknowledge receipt of this and oblige."

On October 2, 1926, appellee replied as follows: "I will take your east storage room, for apples, from now to March 1st, 1927, for the sum of $425.00."

After the making of this contract, appellee stored in the room mentioned 1,034 barrels of apples during the month of October. They remained there until February 1927, when they were sold. At the time they were removed it was discovered that they had become impregnated with some substance which gave them an objectionable odor and taste. Later is was determined that this substance was creosote which had been used in constructing the storage room. The storage room was built a year or two before the contract was made, and creosote was used on the lumber that went into the room. That the apples were damaged by reason of this peculiar odor and taste is not seriously denied. The appellee in his petition alleged that the damages amounted to $3,619, but the jury in its verdict agreed with him only to the extent of finding that his damages were $789.50.

The chief contention made by counsel for appellant is that the contract created only the relation of landlord and tenant between the parties and that the laws appli-

cable to warehousemen do not govern this case. It is true that the contract contains the necessary elements of a contract between a landlord and tenant, but the proof shows that appellant prepared this room particularly for storage purposes. It knew that appellee desired to use the room which he rented to store his apples, and that fact is mentioned in the letter addressed to appellee by appellant as well as the reply thereto. We cannot agree that the law governing contracts between landlord and tenant govers this case. It is true that the landlord is not liable for injuries upon the ground of negligence alone. He is liable only where he has been guilty of deceit in some form either active or by concealment. Thomasson v. Hiatt, 174 Ky. 293, 192 S. W. 19. But this contract created the relationship of bailor and bailee, and in such cases it is the general rule that the burden of proof is on the bailor to show that the loss or injury to goods was due to the negligence or other fault of the bailee. It is sufficient, though, if he proves facts from which such negligence or fault may be inferred so as to make a prima facie case. If it is shown that the goods were delivered to the bailee in good condition, he will be liable for any loss or injury to them while in his custody, unless he affirmatively establishes that such loss or injury was not due to his failure to exercise due care. 40 Cyc. 470. It was held in the case of Smith v. Diamond Ice & Storage Co., 65 Wash. 576, 118 P. 646, 38 L. R. A. (N. S.) 994, that where a cold storage company or warehouseman receives perishable property for preservation, it is to be regarded as bailee for hire and obligated with the duty of using ordinary care in the protection and care of the property intrusted to it. A case somewhat similar to the one before us was that of Henderson Mining & Mfg. Co. et al. v. Cimini, 185 Ky. 85, 213 S. W. 923. That was a case where apples had been delivered to a warehouse under a state of facts somewhat similar to those before us, and when they were removed it was discovered that they were almost worthless. Suit was instituted against the bailee, and a judgment recovered for the amount of damages shown by the evidence. In that case it was shown that the apples were sound and properly packed when delivered in storage, and that the temperature in the cold storage plant was not kept uniform. The evidence was conflicting on the question of proper care on the part of the bailee, and the court held that it was a question for the jury. We think the evidence in this case was sufficient to justify its sub-

mission to the jury on the question as to whether the storage room was properly constructed and was suitable for the purpose for which it was rented. We must therefore hold that appellant was not entitled to a peremptory instruction. This disposes of its chief contention. It urges as another ground for reversal that appellee examined the room where his apples were to be placed, and that he in the exercise of ordinary care should have discovered the unfit condition of the room which caused the injury, and that for this reason he ought not to be allowed to recover. He testified that he did not discover it, and the evidence was conflicting on this point. The instructions covered every point which could be raised by the pleadings and appear to have fully protected every right which appellant could have in this case. The jury was liberal towards appellant, and we find no error in the record.

Judgment affirmed.