## Threlkeld v. Breaux Ballard, Inc.

Jan. 11, 1944.

` Mahan & Mahan and Edwin O. Davis, all for appellant.

Morris, Garlove & Goldsmith for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellant, who was the plaintiff below, brought this action against appellee to recover damages to her automobile. After alleging in the petition that defendant was a corporation and engaged in the general business of buying, selling and repairing automobiles, she alleged her cause of action in this language:

"For her cause of action herein, plaintiff states that on December 21, 1942, she left her automobile in the care and custody of the defendant, Breaux Ballard,

Inc., for the purpose of having certain repairs and services effected thereon and said automobile was accepted by said defendant for the purpose above mentioned and the defendant retained said automobile in its care and custody.

"Plaintiff states that when she returned to the garage of the defendant and called for her automobile, she was informed that it had been damaged in a fire, which was true. Plaintiff states that the damage to her automobile was caused by the negligence of the defendant, its agents, servants and employees, while engaged in the defendant's business."

Defendant filed its answer in which it admitted that plaintiff left her automobile in its care and custody, but denied all of the other allegations of the petition. On the trial of the case before a jury plaintiff testified that she took her automobile to the garage of defendant and left it there for the purpose of "routine service, and alemite, etc., and to have the oil changed" and that when she went back to the garage to get her automobile it had been burned and badly damaged by fire, and described the nature of the damage. She introduced another witness by whom she proved the extent of the damage sustained, and then rested her case without attempting to prove any negligent act by defendant's employees, or any of the circumstances as to how the fire occurred. Pursuant to motion of defendant the court instructed the jury peremptorily to find a verdict for defendant, and from a judgment entered dismissing plaintiff's petition, this appeal is prosecuted.

It is the contention of plaintiff (appellant) that since this action is governed by the law of bailments, once the plaintiff had proven that she delivered her automobile to defendant in good condition and that it was returned to her in a damaged condition, a prima facie case of negligence was then established and that the allegation of negligence contained in the petition was unnecessary and surplusage and it became unnecessary for her to prove such unnecessary allegation, and the burden then shifted to the defendant to show that the damage to her automobile was not caused by any negligence or other fault of defendant. The defendant (appellee) contends that (1) under the law of bailments the plaintiff had the burden of proving that the damage to her automobile was caused by the negli-

gence of the defendant; and (2) that if it be conceded that it was unnecessary for plaintiff to allege negligence, yet since she elected to base her action upon the negligence of defendant, it was incumbent upon her to prove negligence.

The foreign authorities dealing with the question involved are conflicting, one line of authorities tending to support the contention of plaintiff and another one tending to support the contention of defendant. A number of Kentucky cases are also cited and relied on by the parties as support of their respective arguments, including the cases of Smith-Hager Ice Co. v. Reid, 228 Ky. 489, 15 S. W. (2d) 504; Barret v. Ivison, 248 Ky. 243, 57 S. W. (2d) 1005; and Bowman et al. v. Vandiver, 243 Ky. 139, 47 S. W. (2d) 947. In Smith-Hager Ice Co. v. Reid, supra, Reid stored a certain quantity of apples in a storage room of the ice company where they remained from October, 1926, to February, 1927, when they were sold. At the time the apples were removed it was discovered that they had become affected with creosote which was used in the lumber in the construction of the storage room. Reid brought suit against the ice company for damage to the apples and recovered judgment in the sum of $789.50, and the ice company appealed. The chief contention made by the ice company on the appeal was that the contract created only the relationship of landlord and tenant between the parties and that the law applicable to warehousemen, or bailor and bailee, was not applicable to the case. The court said (228 Ky. 489, 15 S. W. (2d) 505): "But this contract created the relationship of bailor and bailee, and in such cases it is the general rule that the burden of proof is on the bailor to show that the loss or injury to goods was due to the negligence or other fault of the bailee. It is sufficient, though, if he proves facts from which such negligence or fault may be inferred so as to make a prima facie case. If it is shown that the goods were delivered to the bailee in good condition, he will be liable for any loss or injury to them while in his custody, unless he affirmatively establishes that such loss or injury was not due to his failure to exercise due care. 40 Cyc. 470."

It is to be noticed that the above quotation is comprised of three separate sentences and, reading them separately, they may at first blush appear to be more

or less conflicting. But, once they are all read and construed together, we think the last sentence means that if it is shown that the bailor delivered the goods to the bailee in good condition and they were damaged or lost while in the possession of the bailee, then the prima facie case referred to in the preceding sentence is established and, therefore, the bailor has sustained the burden of proof to the extent mentioned in the first sentence. The ambiguity, if any, apparently is due to the punctuation; that is, the use of periods at the end of the first two sentences. We think the three sentences might have been contained in a single sentence without changing the meaning of them, and that when read together they simply mean that it is the general rule that the burden of proof was on the bailor to show that the loss or injury to the goods was due to the negligence or other fault of the bailee, and it is sufficient if he proves facts from which such negligence or fault might be inferred so as to make a prima facie case; and, if it is shown that the goods were delivered to the bailee in good condition, it then devolves on the bailee to show affirmatively that such loss or injury was not due to his failure to exercise due care.

In Bowman et al. v. Vandiver, supra, Bowman and Martin, a partnership, rented from Vandiver certain machinery to be used in road construction in which they were engaged. The machinery was damaged while in the possession of Bowman and Martin and Vandiver sued to recover damages. It was held that Vandiver was a bailee for hire and the law of bailments was applicable. In discussing proof of negligence and the burden thereof, it was held that evidence showing that the machinery was in good condition when delivered to Bowman and Martin, coupled with the fact that it was returned by Bowman and Martin in a damaged condition, was in itself proof of negligence which shifted to them the burden of showing that the damage to the machinery was not the proximate result of their negligence, and it was incumbent upon them to show that the damage to the machinery was brought about without their negligence. The court further said (243 Ky. 139, 47 S. W. (2d) 948): ''In the present case the court peremptorily instructed the jury to find for plaintiff the reasonable cost of repairing the scarifier. This instruction was proper in the absence of evidence on the part of Bowman & Martin showing that it was

damaged without their negligence.'' See, also, to the same effect, Adams Exp. Co. v. Tingle, 10 Ky. Law Rep. 358. This is an opinion of the superior court which was in existence prior to the present Constitution, and is not necessarily binding authority on this court, but since it is in harmony with Bowman et al. v. Vandiver and Smith-Hager Ice Co. v. Reid, supra, it may at the least have some persuasive effect.

In Goodyear Tire & Rubber Co. v. Altamont Springs Hotel Co., 206 Ky. 494, 267 S. W. 555, 557, one McClure, who was manager of the Goodyear Tire and Rubber Company, contracted with the hotel company for a month's board for himself and his wife and also for a month's storage in the hotel's garage of his employer's automobile that he was using. On an evening about seven o'clock he placed the automobile in the garage and when he went to get it the next morning about eight o'clock it was gone and was never found. It had been stolen during the previous night. The Goodyear Tire and Rubber Company, as owner of the automobile, brought suit against the hotel company to recover the value of the automobile, alleging in its petition as amended that the loss of the automobile was due to the failure of the hotel company to exercise ordinary care to preserve it. It was shown that in order to obtain the automobile from the garage it was necessary for McClure to obtain the key to the garage from the officers or manager of the hotel, but it was not shown that he went to the garage at any time after he left the automobile at seven o'clock p. m. on the previous evening. So far as that opinion discloses the only proof produced by the plaintiff was that he left the automobile in defendant's garage on the evening before and it had been taken therefrom since he last used it or had access to it. In the course of the opinion the court said: ''* * * it is urged that McClure was at liberty to take the automobile out of the garage at any time he saw proper, but it is also shown that in order to do so he had to obtain the key to the garage from the officers and managers of the hotel, and it is nowhere attempted to be shown that he went into the garage at any time after he left it at about 7 o'clock p. m. on October 7, 1920, until the next morning when the automobile was gone. We think these facts developed a prima facie case of negligence against defendant, and that the burden was upon it to show the requisite care on its part to excuse

it from liability." In the case at bar plaintiff alleged delivery of her automobile to defendant in good condition and it was returned in a damaged condition which was due to defendant's negligence. In the case, supra, the plaintiff alleged delivery of the automobile to defendant and that it was lost while in its possession due to its failure to exercise due care which, of course, is an allegation of negligence. We are unable to see any distinction between the facts in these two cases, as well as other cases cited, supra. It may be conceded that this rule comes within the category of what is called the minority rule, since the courts in the majority of the states of the Union, and perhaps other authorities, hold to a contrary view. But, be that as it may, we think the authorities, supra, are conclusive of the question in this jurisdiction. A number of other state courts as well as text writers also hold to the minority rule, but since the question seems to be a settled one in this jurisdiction, we deem it unnecessary to further pursue the question or discuss the various conflicting authorities in other jurisdictions.

Barret v. Ivison, supra, is cited and relied on by defendant in support of its contention that since plaintiff alleged negligence she had the burden of proving such allegation, even though such allegation was unnecessary. In that case it was argued that when the plaintiff, who was the bailor, proved that the boat was delivered to the bailee in good condition, and was not returned, he made out a prima facie case and it then devolved on the bailee to go forward with his evidence and show that the loss was not due to any negligence on his part. Answering that argument, the court said (248 Ky. 243, 57 S. W. (2d) 1008): "* * * If appellant had merely pleaded, and confined his evidence to, the delivery of the boat in good condition and appellee's failure to return it, a different question would be presented. However, that is not the case. He pleaded that the boat and its contents were totally destroyed by reason of appellee's gross negligence. In the circumstances, not only was the burden on appellant to show negligence, De Grau v. Wilson, D. C., 17 F. 698, affirmed in, C. C., 22 F. 560; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; Smith-Hager Ice Co. v. Reid, 228 Ky. 489, 15 S. W. (2d) 504; but he undertook the burden, introduced numerous witnesses, and fully developed the case. In short, he did for appellee all

that appellee could have done for himself without adding his own testimony. Therefore he was not entitled to go to the jury if the evidence as to how, when, and under what circumstances the fire occurred was not sufficient to show negligence on the part of appellee. Stone v. Case, 34 Okl. 5, 124 P. 960, 43 L. R. A., N. S., 1168.''

It is to be noticed that the court indicated that it was unnecessary for the bailor to plead negligence and to assume the burden of proving it, but since he pleaded that his property was destroyed by reason of defendant's negligence and undertook the burden of proving negligence and developed the case for the defendant on that issue, he was not entitled to go to the jury if the evidence was not sufficient to show negligence on the part of the defendant. It is not clear whether or not a different conclusion might have been reached had not the plaintiff both alleged and assumed the burden of proving negligence, but had simply ignored that allegation and rested his case after proving that the boat was delivered to the defendant in good condition and was destroyed or returned in a damaged condition, as was done in the case at bar.

If it be conceded, however, that that opinion purports to hold that it devolved on plaintiff to prove negligence simply because of such allegation, such would be contrary to and in direct conflict with the other domestic cases, supra, which we think clearly support plaintiff's contention that once she had proved that she delivered her automobile to defendant in good condition and it was returned in a damaged condition she thereby established a prima facie case of negligence as alleged in her petition. It is the settled rule of law that once a party establishes a prima facie case, judgment will go in his favor unless the opposite party produces evidence sufficient to overcome the prima facie presumption. In Master's Ex'x v. Bienker, etc., 87 Ky. 1, 7 S. W. 158, it was held that whenever there is a presumption as to the existence of a fact, he who asserts the contrary must prove it. To the same effect are Higdon's Heirs v. Higdon's Devisees, 29 Ky. 48, 6 J. J. Marsh. 48; Whitteker v. Holcomb, 177 Ky. 790, 198 S. W. 533; Reorganization Committee v. Title Insurance & Trust Co., 265 Ky. 605, 97 S. W. (2d) 393, 108 A. L. R. 706. Defendant cites and relies upon the

cases of Jones-Gray Const. Co. v. Stephens, 167 Ky. 765, 181 S. W. 659; and Wald & Co. v. Louisville E., & St. L. R. Co., 92 Ky. 645, 18 S. W. 850, as support of its contention that there is no presumption of negligence arising from the mere destruction by fire of property stored in a warehouse. In the Jones-Gray case the defendant contracted with the plaintiff to move a barn and before the barn was moved it was destroyed by fire from some unknown cause, as stated in the opinion, for which neither party was responsible. It is not shown that the defendant was in possession of or had actual custody of the barn at the time it was burned. The action was based upon contract, the plaintiff contending that had defendant moved the barn as he had contracted to do it would not have been burned. There was no contention made that the relationship of bailor and bailee existed between the parties, nor could such contention have been maintained had it been asserted. We do not think that case is authority for defendant's position. In the Wald & Co. case, supra, the case was fully developed by the evidence on the issue of negligence and it was pointed out in that opinion that the evidence was insufficient to show negligence on the part of the railroad company. It appears that Wald and Company assumed the burden of proving negligence but failed to do so, as was done in Ivison v. Barret, supra, and the case was determined upon its merits rather than upon a question of pleading and burden of proof, once a prima facie case had been shown. However, that opinion contains the statement that there is no presumption of negligence arising from the mere destruction by fire of property stored in a warehouse. If that statement should be accepted as controlling in the case at bar it might furnish authority for defendant's position. However, we doubt the soundness of such rule, since we are unable to see any logical reason or basis for the distinction. It is common knowledge that fires may and often do result from negligence and that property in the custody of a bailee may be damaged or consumed by fire caused by the negligence of the bailee, as well as by theft or other negligence. We see no reason why the bailee should be favored by such exception. In A. L. R. vol. 71, page 774, supplementing the earlier annotations on the question, the text writer uses this language: "The cases decided since the preparation of the earlier annotation on this subject have shown a

tendency, however, not to permit the bailee necessarily to avoid liability by showing merely the loss or damage of the property by fire. The evidence as to the origin of the fire, or other surrounding circumstances tending to explain it, being often in the bailee's possession, it seems to be a plausible rule, as suggested in the earlier annotation on this subject, which imposes on the bailee the duty of going forward with evidence that he exercised due care, or at least of explaining the loss by evidence other than the mere fact of the fire. And, according to this view, the mere fact that it is proved or conceded that the property was destroyed or damaged by fire will not, in the absence of any other evidence, necessarily preclude recovery." Also, in Fleischman, Morris & Co. v. Southern Ry. Co., 76 S. C. 237, 56 S. E. 974, 977, 9 L. R. A. N. S., 519, it is said: "The rule in this state, as indicated by the cases above referred to, is that the bailor must prove delivery to the bailee and his refusal to return as required by the contract of bailment. The burden is then on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise but the circumstances connected with the origin of the fire or other cause of loss or injury, as far as known to the bailee, and the precautions taken to prevent the loss or injury." We think the rule enunciated in the above quotations is sound and should be adhered to, rather than the isolated exception indicated in the Wald & Co. case, supra, and many foreign cases.

For reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.

Whole Court sitting.