## Webb et al. v. McDaniels.

October 31, 1947.

L. B. Handley, Judge.

740

John E. Richardson for appellants.

Wilson & Wilson, and George J. Ellis, Jr. for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Appellee, Charles W. McDaniels, recovered judgment against appellants, J. H. Webb and B. E. Jones, doing business as the Ideal Chevrolet Company, for $505, the value of his automobile, which was stolen when appellants' garage was broken into during the night.

In asking a reversal of the judgment, appellants insist: first, that they were entitled to a directed verdict, and second, that the instructions were erroneous relative to the duty appellants owned appellee in protecting the car, as well as to the measure of damages. As we have reached the conclusion that appellants' first point is meritorious, it will not be necessary to consider or discuss the instructions.

There is practically no contrariety between the parties concerning the material facts. On July 13, 1945, appellee delivered his automobile to appellants' garage in Glasgow to have it repaired. Appellants' agent and employee agreed to repair the car and return it to appellee on that day. In the middle of the afternoon appellee called at the garage for his car and was informed that it had not been repaired, but that it would be finished and he could get it before the garage closed for the day. He states that he then requested appellants' employee, D. L. Jackson, to telephone him when the car was finished and Jackson agreed to do so, which the latter denied. However, we do not regard as important to the decision of this case whether or not Jackson agreed to telephone appellee when the car was finished.

The repair job was completed late in the afternoon, but appellee was never notified of that fact and although the garage did not close until 9:30 on the night of July 13th, he did not call for his car and it was locked up in the garage at closing time. During the night a thief broke a glass in the door, entered the garage and stole appellee's car, along with some property belonging to appellants. The burglary and stealing of the car were

promptly reported to appellee on the morning of July 14th. About a month later the automobile was located in Arkansas, but the person in possession refused to give it up which necessitated appellee bringing suit in that State to recover it; consequently, it was almost a year from the time the car was stolen until appellee recovered possession of it.

After recovering his car, appellee filed this suit against appellants for damages he sustained by reason of his car being stolen while in appellants' possession. The petition averred appellee left the car with appellants upon their agreement to repair and return it to him the same day; that they negligently failed to do so and it was stolen from appellants' garage while in their possession. An amended petition pleaded that appellants' agent agreed to notify appellee when the car was finished, and this the agent failed to do.

The answer pleaded that the garage was of modern brick construction, located in the business section of Glasgow and on one of its principal streets. The lights were kept burning at night, all doors were securely locked, and the thief, who was not in appellants' employ, forced an entrance into the garage by breaking a glass in the door and stole the car without appellants' knowledge or consent. Appellants further pleaded that their garage was as safe as an ordinarily prudent person would make a business building under the same or similar circumstances, and that they were not liable to appellee.

The rule is that where the relation of bailor and bailee for hire or mutual benefit exists, the bailee must exercise ordinary care and diligence in safeguarding the property and is liable for injury to, or loss of, the property resulting from his failure to do so, but is not liable for the injury or loss of the property not resulting from negligence on his part, or that of his agents or employees. 6 Am. Jur. 333, sec. 248; Blackburn v. Depoyster, 209 Ky. 105, 272 S. W. 398; Threlkeld v. Breaux Ballard, 296 Ky. 344, 177 S. W. 2d 157, 151 A. L. R. 708. In the latter opinion it was pointed out that where the bailor proved delivery and the bailee fails to return the property according to the contract of bailment, the burden is then on the bailee to prove that the loss was

not through his negligence. In the instant case, the bailees pleaded this burden and sustained it in their proof.

Appellee concedes the correctness of the rule stated in the preceding paragraph, but insists that where the bailee undertakes to deal with the property in a manner not warranted by his instructions, expressed or implied, and the property is lost, destroyed or put beyond the bailee's power to return, then he is liable therefor irrespective of negligence on his part, unless his act is ratified by the bailor with full knowledge of the circumstances, citing 6 Am. Jur. 311, sec. 226; Breckinridge County v. Gannaway, 243 Ky. 49, 47 S. W. 2d 934, and other cognate cases. This is the correct rule, but it has no application to the facts of this case. Appellants did not deal with the property in a manner not authorized by appellee's instructions by leaving the car in their garage overnight. Had they driven the car on their own business or stored it in another garage which they did not operate or control, and the car stolen, then appellee might have reason to invoke this rule.

In the Gannaway case the statute required the sheriff to pay the money to the county treasurer. Instead of doing so, he deposited it in a bank and we held that he made the deposit at his own risk. In the instant case, the fact that appellants kept the car in their garage overnight instead of returning it to appellee the same day he delivered it to them, as they had agreed, was not the proximate cause of its loss. There was an intervening agency, a thief, with which the appellants' action in keeping the car overnight had no connection. Thus, appellants' failure to return the car to appellee the day it was received cannot be made the basis for appellee's recovery. Newton v. Wetherby's Adm'x, 287 Ky. 400, 153 S. W. 947.

The mere promise on appellants' part to return this car to appellee did not make them an insurer. They could have insured the return of this car by a special agreement with appellee to that effect, but the language must be clear and unmistakable in order to vary the ordinary obligations of a bailment contract. 6 Am. Jur. 277, secs. 182 and 183; Barnett v. Latonia Jockey Club, 249 Ky. 285, 60 S. W. 2d 622.

Should the evidence be the same upon another trial, the court will direct a verdict in favor of appellants at the conclusion of all the evidence.

The judgment is reversed.