**DAVIES FLYING SERVICE,**
Appellant,
v.
**UNITED STATES of America,**
**Appellee.**
**No. 12090.**

United States Court of Appeals
Sixth Circuit.
Oct. 28, 1954.

J. L. Richardson, Jr., Louisville, Ky., A. J. Deindoerfer, Louisville, Ky., on brief, for appellants.

John G. Laughlin, Washington, D. C., Warren E. Burger, Washington, D. C., J. Leonard Walker, Louisville, Ky., Paul A. Sweeney, Washington, D. C., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Appellant sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674, for money damages resulting from the loss of appellant's airplane allegedy caused by the negligence of a Civil Aeronautics Administration pilot. Finding that appellant had not sustained the burden of proving negligence, the District Court denied relief, and this appeal followed.

The airplane in question was the subject of a contract between appellant and appellee, under the terms of which appellant agreed to have the airplane available upon request at a Louisville airport for use by certified pilots of the Civil Aeronautics Administration at a specified rental. This contract further provided:

"The contractor shall assume full responsibility for loss of or damage to the rented aircraft, and agrees to save the Government harmless from liability for damage to the property of and injury to or death of third persons, except that due to negligence on the part of Government personnel in line of duty."

On October 3, 1950, pursuant to the contract, appellant delivered the airplane to a Civil Aeronautics Administration pilot for a round trip flight to Lexington, Kentucky, in the line of duty. On the return trip later that day the airplane crashed, the pilot and his pas-

senger were killed, and the airplane was totally demolished. The cause of the crash was undertermined and apparently undeterminable.

It is appellant's contention that under the Kentucky law of bailments a prima facie case of negligence was made upon proof of the bailment contract, the delivery of the airplane in good condition to the appellee, and the appellee's failure to return it. Threlkeld v. Breaux Ballard, 296 Ky. 344, 177 S.W.2d 157, 151 A.L.R. 708. These facts having been proved, the appellant contends that appellee then had the burden of proving its freedom from negligence, and that upon appellee's failure to sustain this burden, appellant was entitled to judgment. Welch v. L. R. Cooke Chevrolet Co., 314 Ky. 634, 236 S.W.2d 690; Webb v. McDaniels, 305 Ky. 739, 205 S.W.2d 511.

■ It will be observed that the above-quoted contract provision as to liability is an ambiguous one. It is open to the construction that appellant assumed the risk of loss or damage to its own airplane in any event, and that the provision as to the negligence of Government personnel would apply only with respect to liability for damage or injury to third persons.

The District Court resolved this ambiguity in favor of appellant, construing the contractual language to provide [114 F.Supp. 779]: " 'The contractor shall assume full responsibility for loss of or damage to the rented aircraft * * * except that due to negligence on the part of Government personnel in line of duty.' " However, the District Court concluded that this provision imposed upon appellant the burden of proving negligence by a preponderance of the evidence, unaided by any presumption, and found that appellant had failed to sustain that burden.

■■ In a well-reasoned opinion the court pointed out that in none of the Kentucky cases relied upon by appellant was there involved an agreement containing a specific provision as to liability. Conceding the Kentucky rule of

law in ordinary bailment cases to be as appellant contends, the court held that that rule was not applicable to the present case by reason of the explicit contractual provision "making liability of the Government for loss or damage to the rented aircraft not dependent, as in ordinary cases of bailment, upon the relationship of the parties but upon an exception to the plaintiff's contractual responsibility for such loss." The District Court based this conclusion upon the "familiar rule that one who seeks advantage of an exception in a contractual stipulation as the basis of his claim is charged with the burden of proving facts necessary to bring himself within such exception."

We find no error in the court's reasoning, nor in its finding that appellant failed to prove negligence on the part of appellee's pilot. It accordingly follows that the judgment should be and is affirmed.