**Paul H. GRIMES, Appellant,**

v.

**Perry HAWN, dba Perry Hawn's Garage,**

**Appellee.**

Court of Appeals of Kentucky.

Oct. 30, 1964.

A. Jack May, S. R. Cheek, Jr., Danville, for appellant.

Henry V. Pennington, Danville, for appellee.

CULLEN, Commissioner.

Paul H. Grimes' automobile, while in Perry Hawn's garage for repairs, was substantially destroyed by fire. In Grimes' action against Hawn for damages the jury found for Hawn. Judgment was entered accordingly and Grimes has appealed.

The testimony for Hawn was that his mechanic had gone underneath the car with an acetylene torch to loosen the muffler-tailpipe joint preparatory to removing the muffler when gasoline suddenly dripped from the chassis of the car onto his hand and the floor and immediately caught fire. Fire extinguishers were applied at once but were unsuccessful in putting out the fire. Prior to his undertaking to loosen the muffler joint the mechanic had spent about an hour beneath the car replacing the universal joint and removing the clamp on the muffler joint. During that time no gasoline had dripped from the car and the floor was clean and dry. The mechanic on the previous day had removed the carburetor and placed it on a work bench for later overhauling. Gasoline could not leak from the point where the carburetor had been removed. The mechanic had checked and examined the gasoline tank and fuel line, except for a small section of the line which went behind the frame and was not visible, and had found no leaks. Upon an examination of the car after the fire the gasoline tank and fuel line were found to be intact. The use of an acetylene torch to loosen a muffler-tailpipe joint was an established, customary practice in automobile repairing.

■ In our opinion the evidence produced by Hawn was sufficient to create a jury issue as to whether the fire occurred from a non-negligent cause, under the rule stated in Threlkeld v. Breaux Ballard, Inc., 296 Ky. 344, 177 S.W.2d 157, 151 A.L.R. 708, and Welch v. L. R. Cooke Chevrolet Co., 314 Ky. 634, 236 S.W.2d 690.

■ A contention made by the appellant concerning certain standards of safety prescribed by city ordinance is not sustainable because any violation of the standards that could have been found under the evidence clearly was not a proximate cause of the fire. Cf. McKinley v. Danville Motors, Inc., Ky., 374 S.W.2d 366.

The judgment is affirmed.