**GENERAL TRUCK & SALES SERVICE CO.,**
Appellant,

v.

**John H. SCHLENSKER, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

J. D. Raine, Louisville, for appellant.

Philip Louis Haller, Louisville, for appellee.

EDWARD P. HILL, Judge.

This appeal is taken from a judgment entered pursuant to a verdict of $2,409.71 returned by the jury in appellee's action to recover damages to a diesel truck sustained on March 9, 1964, when the truck was partly submerged by high water from Beargrass Creek, a stream running through the city of Louisville, while in appellant's possession for repairs.

On or shortly prior to March 3, 1964, a truck belonging to appellee ran off the road near Williamsburg, Kentucky, and sustained damages. Appellee made arrangements with appellant to have a third party tow the truck to appellant's garage at 927 East Broadway in Louisville for repairs. The truck was parked on a vacant lot near the appellant's garage. On March 9, 1964, after an all night rain of approximately seven inches, the water from Beargrass Creek overflowed and flooded a part of the lot on which the truck was located, and from three to four feet of muddy water got into the truck.

Appellant and appellee both rely on Welch v. L. R. Cooke Chevrolet Co., 314 Ky., 634, 236 S.W. 690; and in the interest of consistency, we shall rely upon the same case.

*Welch*, supra, is a very similar factual case to the one at bar, except in *Welch* the

property was damaged by fire instead of by flood as in the present case. The rule in *Welch* at page 692 is stated as follows:

"In the case of Threlkeld v. Breaux Ballard, Inc., 296 Ky. 344, 177 S.W.2d 157, 151 A.L.R. 708, we adopted the minority view that if a bailor makes out a prima facie case and it appears that the bailed goods were damaged or destroyed by fire, the bailee has the burden of proving that the fire resulted otherwise than from his negligence. This court has not heretofore considered the nature of the proof necessary to meet this burden."

See also 151 A.L.R. 716.

■ Upon a showing by the appellee, the bailor, that the truck was delivered to and accepted by the appellant, a bailment resulted, which was for the mutual benefit of both the bailor and the bailee. When appellee Schlensker proved that his truck was damaged by having been flooded, the rule of *res ipsa loquitur* applied raising a rebuttable presumption of negligence on the part of the bailee. If the bailee hopes to prevail, he must come forward with evidence to counteract this rebuttable presumption.

■ As noted above, the jury obviously decided the appellant had not met the burden of proof. Our question then is whether or not the verdict is supported by substantial evidence; and if it is, it will not be disturbed. Cf. Southern Railway Co. v. Kelly Construction Co., Ky., 406 S.W.2d 305.

We shall now review the evidence to determine whether or not the verdict was based upon substantial evidence. Raymond Costelle, manager and secretary of the appellant company, testified that the water of Beargrass Creek was still within its banks when he came to work on the morning of March 9, 1964, although it had rained all night and was raining that morning; that when he went to lunch there was no appar-

ent danger of flooding, but when he returned 45 minutes later, the water had risen in the office building and garage to such an extent that it was necessary for him to wade in to assist in removing the records and furniture of the company. There was also evidence that most of the records and three-fourths of the vehicles owned by the company were moved to higher ground out of the reach of the water and that efforts were made to secure a wrecker to remove appellee's truck, but that they were unable to obtain one. It should be noted in this connection, however, that the appellee's truck was not disabled to the extent that a wrecker was required to remove it; in fact, when it was removed by the appellee the following week, a wrecker was not required, but it was towed away by another truck.

■ Appellant contends in its argument and its evidence that its employees did all within their power to prevent loss to appellee's truck. However, we are of the opinion that the failure of appellant to anticipate the overflowing of Beargrass Creek could very well have been the basis for the jury's verdict. Failure of the appellant to observe the rapid rise of the water level during broad daylight on the entire morning of March 9 speaks louder than its conclusion that it did all possible to prevent the loss.

Appellant raises in its brief the question hereinabove discussed and in addition contends that "the appellee failed to meet his burden of proving damages to his tractor while it was under appellant's control;" and that "the trial court erred by submitting an erroneous instruction as to the measure of damages to appellee's tractor."

■ The only evidence offered relative to the damages claimed by appellee to have resulted from flooding was that offered by appellee's witnesses. The substance of their testimony was that "three or four feet" of water got up into the truck as high as the cab and completely covered the battery. Appellee testified to large quanti-

ties of sand, water, and mud in the motor and other important parts of the truck, which we think was amply sufficient evidence of proximate cause of the damages. There was no contradictory evidence.

The final argument by appellant questions the correctness of Instruction I given by the trial court, which reads as follows:

"It was the duty of the defendant, its agents, servants and employees, to exercise that degree of care which ordinarily careful, prudent companies in similar businesses usually exercise under circumstances like or similar to those proven in this case; and if you believe from the evidence that the defendant failed to exercise that degree of care in not moving the truck, then you will find for the plaintiff and award him that amount that would be reasonably necessary to repair said truck if you believe it was damaged by reason of the water, taking into account that said repairs should have been done with dispatch and repaired with parts like or similar to those in the truck at the time, not to exceed $2,000.00; and for the reasonable rental value of a truck such as his that he sustained, not to exceed $409.71; your whole award not to exceed $2,409.71, the amount claimed.

"Unless you so believe, you will find for the defendant."

◼ Appellant's objection to the foregoing instruction is directed more to the lack of the evidence to support it than to the substance of the instruction itself. The evidence shows a total cost of labor and materials of $1,601.15, occasioned by the flood. The complaint prayed for $2,000. The court followed the pleadings and not the evidence. So on the item of parts and labor, the trial court authorized the jury to a finding for appellee of not more than $2,000 (the amount asked in the complaint) when the evidence justified only $1,601.15. This instruction was prejudicial to appellant to the extent of $398.85. On a re-

mand of this case, the circuit court will reduce the amount of the judgment by the sum of $398.85. There is no controversy as to the item of $409.71 for loss of use. In fact, the trial court was justified under the evidence in authorizing the jury to return a verdict for twice the amount it actually did find.

The judgment is affirmed except the amount is reduced to $2,010.86.

All concur.