**LAFAYETTE COAL COMPANY,**
Plaintiff-Appellant,

v.

**J. O. BURGE, t/d/b/a Burge Coal Company, Defendant-Appellee.**

No. 18664.

United States Court of Appeals
Sixth Circuit.

June 17, 1969.

Edward F. Rectenwald, Louisville, Ky., for appellant.

Rhodes Bratcher, Owensboro, Ky., W. Mallam Lake, Hartford, Ky., on brief, for appellee.

Before WEICK, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This appeal is from the United States District Court for the Western District of Kentucky. The trial Court, sitting without a jury, found that the Plaintiff-Appellant failed to meet the burden of proving its case by a preponderance of evidence and ruled in favor of Defendant-Appellee. Timely motions were made by Appellant to amend the findings and to set aside the judgment. These motions having been denied, Appellant appeals to this Court.

Appellee and Appellant are both engaged in coal mining operations. The latter had been employing a Cardox

Auger Miner, but apparently no longer had any use for it. Appellant contacted Appellee and inquired as to whether or not he could use the auger in his Kentucky operation. Appellee was not sure that it could be profitably employed, but agreed to travel to Appellants' place of business in Illinois to pick up the auger. When Appellee's representatives arrived at the Illinois operation, they learned that a few lengths of steel rail and certain auger bits would not at that time be ready for delivery, but loaded the auger and such accessory equipment as were then available. Although the testimony is conflicting as to whether Appellee was due any more accessory equipment, having never received it, he claims that he could not and did not test the auger.

The equipment remained on Appellee's property from mid 1963 until 1965 when it was damaged by an unexplained fire limited only to the auger. Appellant offered no evidence concerning Appellee's negligence, but proved that delivery had been made and that the damage occurred while the property was in Appellee's exclusive possession. Appellee testified that he had no idea as to the origin of the fire. He stated that he exercised the same degree of care over the equipment as he did his own and that it was equal to the degree of care that the Appellant had exercised while the auger was in its possession. It was also explained by Appellee that the equipment was checked "now and then."

Evidence as to the type of business arrangement that existed between the parties was vague and conflicting. Appellee Burge conceded though that he would have been interested in the acquisition of the auger had it been suitable to his needs. Appellant's unanswered letters to Appellee indicate that the former contemplated some type of sale or rental arrangement.[1] However, no written contract was ever executed.

At the trial level Appellant asserted his claim upon three distinct allegations, but has proceeded in this Court only on the theory that a bailment relationship existed. Appellant contends that under Kentucky law a prima facie case will arise upon the proving of delivery of the goods to the bailee and the destruction while in his possession. Threlkeld v. Breaux Ballard Inc., 296 Ky. 344, 177 S. W.2d 157, 160, 151 A.L.R. 708 (1944). While the ultimate burden of proof does not change, Appellant contends that Appellee did not satisfy the shifted burden of coming forth with sufficient proof to overcome the presumption of negligence raised by the prima facie case.[2] We recognize that the evidence in the case is conflicting, but the arrangement at the very least sounds in bailment. In reality Appellee did have the auger on a trial basis and was not committed in any way to rent or purchase it. Beardsley v. Broach, 310 S.W.2d 539 (Ky.1958), see 8 Am.Jur.2d, Bailments Sec. 33 (1963).

The Court in Threlkeld v. Breaux Ballard Inc., 296 Ky. 344, 177 S.W.2d 157, 159 (1944), stated that:

"[I]n such [bailment] cases it is the general rule that the burden of proof is on the bailor to show that the loss or injury to goods was due to the negligence * * * of the bailee. It

---

1. From the wording of Appellant's letters one can easily see the inconsistent positions taken:

Nov. 12, 1962—"I would suggest we try to handle this at $1,000.00 a month and in that way you will be making money as you go and it won't be much of a strain to hit the $15,000.00."

Nov. 12, 1963—"Our agreement was for a rental price of $500.00 a month and I figure you owe me $1,000.00."

Jan. 13, 1965—"Our agreement on the price of the auger was $11,000.00. I am now demanding immediate payment of the auger since I originally told you that I made financial arrangements for you."

2. In his opinion the District Judge did not deal with the issue of whether or not a prima facie case had been made. Nor did he comment on the effect of Kentucky law in a bailment situation even though he had the parties specifically brief the subject.

is sufficient, though, if he [the bailor] proves facts from which such negligence * * * may be inferred so as to make a prima facie case. * * * 40 Cyc. 470." Smith-Hager Ice Co. v. Reid, 228 Ky. 489, 15 S.W.2d 504, 505 (1929).

In order to establish a prima facie case Appellant need only show (1) delivery of the property into the bailee's possession and (2) damage while in his possession. Davies Flying Service v. United States, 114 F.Supp. 776 (1953), affirmed 216 F. 2d 104 (6th Cir. 1954). In the principal case we are satisfied that Appellant proved these requirements.

■■ At this point in the trial, Appellant having established a prima facie case, the burden shifted to Appellee to affirmatively prove that the loss or damage did not result from negligence on his part. Webb et al. v. McDaniels, 305 Ky. 739, 205 S.W.2d 511 (1947), Threlkeld v. Breaux Ballard Inc., 296 Ky. 344, 177 S.W.2d 157, 159, 151 A.L.R. 708 (1944), see 151 A.L.R. 717. It is well stated in Welch v. L. R. Cooke Chevrolet Co., 314 Ky. 634, 236 S.W.2d 690, 692 (1950) that:

" * * * [Kentucky] adopted the minority view that if a bailor makes out a prima facie case and it appears that the bailed goods were damaged or destroyed by fire, the bailee has the burden of proving that the fire resulted otherwise than from his negligence."

It is incumbent upon Appellee to come forward with sufficient evidence to meet this burden. Under the minority viewpoint the bailee cannot meet the burden or avoid liability merely by showing that the damage was the result of fire. Threlkeld v. Breaux Ballard Inc., 296 Ky. 344, 177 S.W.2d 157, 161 (1944). The bailee is required to go forward with evidence to show that he has exercised due care or to explain the loss other than by the mere fact of fire.

In Threlkeld v. Breaux Ballard Inc., supra, 177 S.W.2d at 161, 162, the Kentucky Court stated that " * * * the rule enunciated in * * * [Fleischman, Morris & Co. v. Southern Ry. Co., 76 S.C. 237, 56 S.E. 974, 9 L.R.A.,N.S., 519 (1907)] * * * is sound and should be adhered to." The rule in *Fleischman,* supra, states that:

" * * * the bailor must prove delivery to the bailee and his refusal to return as required by the contract of bailment. The burden is then on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury, as far as known to the bailee, and the precautions taken to prevent the loss or injury."

The District Judge found however that the Appellant " * * * failed to prove his case by a preponderance of evidence * * * [and that] * * * [t]he testimony for plaintiff is no more creditable than the [Appellee] defendant's." Upon consideration of the appellate file and the applicable Kentucky law, which must be applied, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we are convinced that at the very least a bailment situation existed between the parties. Beardsley v. Broach, 310 S.W. 2d 539 (Ky.1958). The Appellant proved delivery of the auger and its destruction by fire while in Appellee's exclusive care. Under Kentucky law this raised a prima facie case which shifts the burden of going forward with the evidence to Appellee. Threlkeld v. Breaux Ballard Inc., 296 Ky. 344, 177 S.W.2d 157 (1944).

Where the burden is on the bailee to show that the damage or loss was not due to his negligence, it is incumbent upon the bailee to introduce substantive proof that the fire did not result from his negligence. Welch v. L. R. Cooke Chevrolet Co., 314 Ky. 634, 236 S.W.2d 690, 692 (1950). The trial Judge failed to make any findings concerning the bailment issue and consequently did not make

any findings pertaining co the burden the bailee had to carry.

The judgment is reversed and remanded for proceedings not inconsistent with this opinion.